MIRANDA ELLIS, APPELLEE, V. WILLIAM ELLIS, APPEL-LANT.

1. **Divorce:** DECREE: SERVICE OF NOTICE. A final decree for divorce and alimony was rendered against the defendant on the seventeenth day of September, 1880, on which day the court adjourned for the term. On the twenty-eighth day of March, 1881, the plaintiff issued a notice to the defendant that she would, on the nineteenth day of May following, apply to the said court to set aside the said decree, so far as the same related to the conveyance of the real estate mentioned in said decree, and to correct and amend the same so as to allow the plaintiff a certain sum of money, etc. Said notice was served on W. S. G., who had acted as attorney for the defendant in said cause. *Held,* That such service was not sufficient to bring the defendant into court.

2. ———: ———: APPEARANCE BY ATTORNEY. At the hearing and decision by the court of the motion and application referred to in the said notice, the said attorney, W. S. G., on behalf of the defendant, applied to the court for and obtained an extension of time in which to prepare and serve a bill of exceptions. *Held*, To be a general appearance in the case, and to waive all defects in the said notice, and the service thereof.

3. ———: ———: DISCRETION OF COURT. The decree required the defendant to convey to the plaintiff certain real estate as alimony. At the rehearing upon the notice above referred to, the same was revised and modified so as to vacate the decree as to the conveyance by the defendant to the plaintiff of the real estate therein described, and in lieu thereof to require the defendant to pay the plaintiff the sum of fifteen hundred dollars. *Held*, To be within the power of the court as conferred by statute, and no abuse of discretion.

THIS was an appeal from a supplemental decree rendered in the district court of Madison county by BARNES, J., as follows:

And now, on this day, this cause coming on to be heard, upon the application of the plaintiff to revise and alter the decree made and entered at the last term of this court, in this cause, to-wit: to vacate and set aside that part of said decree requiring the defendant to convey to the plaintiff the real estate mentioned and described in said decree, and to allow the plaintiff a sum certain of alimony in lieu of said real estate, and that said application and petition therefor being in due form of law, and the defendant having been duly and legally notified that said application would be made on the first day of the May, 1881, term of this court, and the court, after hearing the evidence and being fully advised in the premises, grants said application, and sustains the motion of the plaintiff herein; and it is therefore ordered, adjudged, and decreed by the court here that the said decree, made and entered in this cause, be revised and altered in this, to-wit: that the same be vacated as to the conveyance by the defendant to the plaintiff of the real estate therein described, *they not having*

*complied* with any part of the order and decree of this court, made and entertained at the last term thereof; it is further ordered, adjudged, and decreed by the court here that the defendant pay to. the plaintiff in this cause, or to Robertson & Campbell, her attorneys, the sum of one thousand five hundred ($1500) dollars and in default of such payment, execution issue therefor. The said amount of alimony allowed by this decree *being in lieu* of the said real estate.

This decree was based upon a motion, of which the following is a copy:

And now comes the said plaintiff, by Robertson & Campbell, her attorneys, and moves the court here to revise and alter the decree of the court entered at the last term of the same in this cause, so far as the same relates to the conveyance by the defendant to the plaintiff of the real estate described in the said decree, and to allow the plaintiff a sum certain of alimony in lieu of the said real estate, and to subject the personal property of the said defendant to the payment of the said alimony, and for causes therefor state:

That the defendant has failed, neglected, and refused to obey or perform any part of the said decree of the court, and has refused to make the conveyance of said real estate, or make any conveyance of the same to the said plaintiff, nor has the defendant paid any part of the alimony mentioned in the said decree, but absolutely refuses so to do, nor has the defendant given any bond, as by the order of this court he was required to do, but has absolutely refused and neglected to do or perform any part of the order or decree of the court in this cause.

And in support of this motion the plaintiff offers the affidavits hereto attached.

This motion was served on W. S. Geer, attorney for the defendant in the original suit.

*George B. Fletcher* and *W. S. Geer*, for appellant.

1.   The court had no jurisdiction over the subject matter.   Code, sec. 602.   Freeman on Judgments, sec. 495. Decree can only be changed on "petition."   Comp. Stat., chap. 25, sec. 27.

2.   The court had no jurisdiction over the person of defendant.   Service of notice on attorney insufficient. Authority ceases on entry of judgment.   *Butler v. Knight,* Law Reports, 2 Exch., 109.   *Lovegrove v. White,* Law Rep., 6 C. P., 440.   *Portis v. Ennis,* 27 Tex., 574.

3.   Original judgment was conclusive.   It could not be changed or revised, except first granting a new trial, and any subsequent attempt to produce this revision is *res adjudicata.*   Wells, sec. 6.   *Hollister v. Abbott,* 11 Foster, 448.   Neither a final judgment nor a final decree, pronounced upon a hearing on the merits, can be set aside after the term, upon motion, for any errors into which the court may have fallen.   The law does not permit any judicial tribunal to exercise a revisory power over its own adjudications after they have, in contemplation of the law passed out of the "breasts of the judges."   Neither is an error, or misapprehension of the parties, nor of their counsel, any justification for vacating the judgment, although the counsel consented to it, because deceived by fraudulent misrepresentations of third parties.   Freeman on Judgt's, sec. 101, and cases cited.   *Carman v. Charman,* 16 Ves. Jr., 115.   *Assignees v. Dorsey,* 2 Wash. C. C., 433.   *Bank of U. S. v. Moss,* 6 How. U. S., 31.   *Peake v. Redd,* 14 Mo., 79.   *Green v. Hamilton,* 16 Md., 317.   *Murphy v. Merritt,* 63 N. C., 502.   *Harbor v. Pacific R. R. Co.,* 32 Mo., 423.

*Robertson & Campbell,* for appellee.

Defendant was properly in court.   *Cropsey v. Wiggenhorn,* 3 Neb., 108.   *Crowell v. Galloway,* Id., 215.   The

original papers in the cause presenting all of the issues and facts in the case are before the court, and it would seem that the question of revising or altering the original decree can he presented to the court in either way, the *form* not being material. 2 Bishop's Marriage and Divorce, pp. 443, b., 487, 489, 490, 491, 492, and 493. *Bauman v. Bauman*, 18 Ark., 320. *McGee v. McGee*, 10 Georgia, 477. *Roseberry v. Roseberry*, 17 Georgia, 139. *Swearingen v. Swearingen*, 19 Georgia, 265.

Cobb, J.

There can be no doubt of the power of the court to make the order or supplemental decree appealed from.

Section 27 of chap. 25, Comp. Stat., p. 255, is in the following words: "After a decree for alimony, or other allowance for the wife and children, or either of them, and also after a decree for the appointment of trustees to receive and hold any property for the use of the wife or children as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit."

This was a revision and alteration of the original decree respecting the payment of alimony, and is within the language of the statute. In decreeing the conveyance of the land, the court exceeded its powers under the statute; yet, had the defendant seen fit to make the conveyance according to the decree, it would have been a full discharge thereof. He, not having done so, it was within the power of the court, upon proper notice, to revise and alter such decree in respect to the payment of such alimony or allow-

ance, this supplemental or revised decree being one which "such court might have made in the original suit."

Upon the rendition of the original decree, except for some special purposes, the parties were out of court. In this case a petition was necessary, and doubtless it was necessary that a summons in the nature of a subpœna in chancery should also issue and be served on the defendant the same as in the original case, and such summons could no more be legally served on the person who acted as attorney for the defendant in the former suit than could the original or first summons have been so served. But it was quite competent for the defendant, after service of the informal notice of the application of the plaintiff upon the attorney who had represented him in the original action, to waive all irregularities as well in the form of the notice or summons as in the manner of its service. This we think he has done. It appears from the record that upon the making of the final order or supplemental decree appealed from the defendant appeared by attorney and made application for an extension of time to forty days in which to prepare a bill of exceptions in the case. *Porter v. C. & N. W. R. R.*, 1 Neb., 15. Such bill of exceptions was not necessary for the purpose of testing the jurisdiction of the court or the sufficiency of the service of the notice. These questions would arise as well upon the record without a bill of exceptions.

The appellant complains that there was not sufficient evidence before the court to sustain the judgment. As I view the case, all of the facts upon which the original judgment was rendered were still before the court when the order or modification of the judgment was made. The same state of facts which would justify the court in decreeing the conveyance of real estate worth fifteen hundred dollars, if the court had the power to decree such conveyance in the case before it, might, and for anything made to appear in this case did, justify it in rendering a personal

judgment for that sum. The original judgment is not appealed from. In matters of divorce and alimony a large discretion is necessarily lodged in the district court. There is no abuse of such discretion shown to exist in this case; on the contrary, I think that justice has been done.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.