C. AUGUSTA EARLE v. R. T. EARLE.

[FILED SEPTEMBER 17, 1889.]

27  277
†42  620
27  277
44  884
27  277
62  615

1. **Implied Jurisdiction.** Courts of general equity and common law jurisdiction are not necessarily limited in the exercise of such jurisdiction to the provisions of the statutes.

2. **Husband and Wife:** SEPARATE SUIT FOR ALIMONY. The law of the land having made it the legal duty of a husband to support his wife and children, courts of equity within this state have the power, in a suit by the wife for alimony and support, to enforce the discharge of such duty, without reference to whether the action is for a divorce or not.

3. **Construction of Statute.** Whether or not section 40 of chapter 25 of the Compiled Statutes confers such authority by implication *quære*.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Estabrook & Irvine,* and *A. Steere, Jr.,* for plaintiff in error:

The wife has a legal right to support from the husband. (Schouler, Husband and Wife, sec. 66.) Failure to support is a wrong for which there should be a remedy. Courts of equity have taken jurisdiction to decree alimony independent of a suit for divorce. (*Butler v. Butler,* 4 Litt. (Ky.), 202; *Galland v. Galland,* 38 Cal., 265; *Graves v. Graves,* 36 Ia., 310; *Garland v. Garland,* 50 Miss., 694. See also *Glover v. Glover,* 16 Ala., 440; *Rhame v. Rhame,* 1 McCord Ch. (S. C.), 197; *Purcell v. Purcell,* 4 Hen. & Mun. (Va.), 507; *Almond v. Almond,* 4 Randolph (Va.), 662; *Logan v. Logan,* 2 B. Mon. (Ky.), 124.)

*Savage, Morris & Davis,* for defendant in error:

The wife has no equitable right which enables her to invoke an equitable remedy independent of statute. The cases

cited by plaintiff in error may be explained and modified. *Butler v. Butler*, 4 Litt. (Ky.), 202, contains a misstatement of the law; *Glover v. Glover*, 16 Ala., 440, is a dictum; Iowa, Mississippi, and South Carolina are lacking in statutory remedies; hence the willingness of their courts of equity to assume jurisdiction. Such jurisdiction is denied by the following authorities: *Ball v. Montgomery*, 2 Vesey, Jr., 195; *Fishli v. Fishli*, 1 Blackf. (Ind.), 360; *Chapman v. Chapman*, 13 Ind., 396; *Moon v. Baum*, 58 Ind., 194; *Parsons v. Parsons*, 9 N. H., 309; *Doyle v. Doyle*, 26 Mo., 549; *Ramsden v. Ramsden*, 91 N.Y., 281; *Adams v. Adams*, 100 Mass., 365; *Anshultz v. Anshultz*, 16 N. J. Eq., 162; *Peltier v. Peltier*, Harring. Ch. (Mich.), 29; *Perkins v. Perkins*, 16 Mich., 162; *Heyob v. Husband*, 18 La. An., 41; *Moore v. Moore*, Id., 613.

REESE, CH. J.

This action was instituted in the district court of Douglas county, by the wife against the husband for maintenance and support, but without a prayer for divorce. It was alleged in the petition, substantially, that plaintiff and defendant were married on the 15th day of May, 1871; that the issue of the said marriage was one child, born in July, 1879; that on or about the 1st day of January, of that year, defendant sent plaintiff away from him and has ever since refused to permit her to return, contributing to her support and maintenance separate and apart from himself; that in the month of August, 1885, defendant ceased and refused to further provide for the support of plaintiff and their said child, and at no time since that date has he contributed or offered to contribute in any way to their support or maintenance; that plaintiff was entirely without means to support herself and child during the pendency of the suit; that she was also without means to carry it on; that her daughter, the child aforesaid, now seven years of age, was wholly dependent upon her (the plaintiff) for

support, maintenance, care, and education; that defendant was an officer in the United States army, commissioned as first lieutenant, and receiving a salary of $120 per month.

The prayer of the petition was that defendant be required to pay plaintiff a reasonable sum for her maintenance and support during the pendency of the suit, and such further sum as would enable her to carry on the action; and that on a final hearing she be decreed reasonable alimony out of the property and income of defendant, together with the costs, etc.; with prayer for general relief.

To the petition defendant interposed a demurrer, upon two grounds:

*First,* That the court had no jurisdiction of the subject of the action; and, *Second,* That the petition did not state facts sufficient to constitute a cause of action.

This demurrer was sustained by the district court, to which plaintiff excepted, and upon her refusing to amend or further plead, the cause was dismissed.

The case is presented to this court by proceedings in error, the error assigned being that the court erred in sustaining the demurrer.

The question presented is, whether or not an action for maintenance and support can be maintained in this state, when not coupled with a petition for a divorce, either from the bonds of matrimony or from bed and board.

Upon this question the statutes of this state are substantially silent. The nearest approach to authorizing an action of this kind is found at section 40 of chapter 25, Compiled Statutes, entitled Divorce and Alimony. The chapter provides for divorce of two kinds, to-wit, of divorce from the bonds of matrimony, and from bed and board.

Sec. 40, in treating of an action for a divorce from bed and board, provides that "in case of an application for a divorce from bed and board, although a decree for such divorce be not made, the court may make such order or

decree for the support and maintenance of the wife and children, or any of them, by the husband, or out of his property, as the nature of the case may render suitable and proper." While it appears that an order of the kind sought in this case cannot perhaps be made except in an action for a divorce from bed and board, yet it is specially provided that the authority of the court to make an order for the maintenance of the wife or children, or either of them, by the husband shall not depend upon a decree of divorce from bed and board having been rendered, but that such order may be made without reference thereto. By this section the court is given the authority and jurisdiction to render a decree of the kind sought by the plaintiff, but it is contended that such order can only be made in an action for a divorce of the kind named.

Assuming that this section does not give the court the authority to make the order claimed by plaintiff, but of which there may be some doubt, it then becomes necessary to enquire whether a court of equity would have the jurisdiction independent of any statutory provision upon the subject.

We apprehend that courts of common law and equity jurisdiction are not necessarily limited to the provisions of the statutes in matters of jurisdiction, and might perhaps render such decrees in equity causes as the nature of the case would require, assuming that the plaintiff showed that she was entitled to equitable relief.

This question has been before the courts of some of the states, and it seems that a majority have decided that courts of equity would not have jurisdiction to enter a decree of the kind prayed for, while others have held that such jurisdiction did exist.

It is a well established rule of law that it is the duty of the husband to provide his family with support and means of living — the style of support, requisite lodging, food, clothing, etc., to be such as fit his means, position, and sta-

tion in life—and for this purpose the wife has generally the right to use his credit for the purchase of necessaries. At common law, where the husband heedlessly and wantonly and from improper motives refused a wife the necessary comforts of life and refused to provide for her, a criminal prosecution with recognizance was sometimes resorted to, for the purpose of compelling a competent husband to support his family. (Schouler on Husband and Wife, sec. 66.) It is the common expression of all writers, found in the text books, that there is no wrong without some remedy. Now if the allegations of the petition are true, which the demurrer admits, there is evidently a wrong. The question is, whether or not the plaintiff shall be compelled to resort to a proceeding for a divorce, which she does not desire to do, and which probably she is unwilling to do, from conscientious convictions, or, in failing to do so, shall be deprived of that support which her husband is bound to give her. The authority or jurisdiction to grant divorces was exercised in England by the ecclesiastical courts, which have never existed in this country, and therefore no court has such jurisdiction here except by statute. But the authority to grant alimony grows out of the equity powers of the court.

While the statute books of this and other states amply provide for the granting of divorces in meritorious cases, yet we do not apprehend that it is the purpose of the law to compel a wife, when the aggrieved party, to resort to this proceeding, and thus liberate her husband from all obligations to her, in order that the rights which the law gives her, by reason of her marital relations with her husband, may be enforced. Such a conclusion would not generally strike the conscience of a court of equity as being entirely equitable.

In *Butler v. Butler*, 4 Litt. (Ky.), 202, the court says: "It is clear that strong moral obligations must lie on any husband, who has abandoned his wife, to support her. The

marriage contract, and every principle, binds him to this. If he fails to do it, it is a wrong acknowledged by common law, though the law knows no remedy, because the wife cannot sue the husband; but in equity the wife can sue the husband, and it is the province of the court of equity to afford the remedy where conscience and law acknowledge a right, but know no remedy. Why then should the chancellor shrink at this case and refuse a remedy."

In *Galland v. Galland*, 38 Cal., 265, this rule was followed, but by a divided court. From the syllabus in that case we quote the following:

"Provisions for alimony made in the statutes concerning divorces are not intended to be a prohibition to the granting of alimony in other cases. The power to decree alimony falls within the general powers of a court of equity, and exists independent of a statutory authority, and in the exercise of this original and inherent power a court of equity will in a proper case decree alimony to the wife in an action which has no reference to a divorce or separation."

In *Garland v. Garland*, 50 Miss., 694, in which there is a pretty general review of the cases, the court says:

"Courts of equity in America should always interpose to redress wrongs when the complainant is without fair and adequate and complete remedy at law. Here there is no such process as *supplicavit* nor a distinct proceeding for the restitution of the conjugal relation. If a wife is abandoned by her husband, without means of support, a bill in equity will lie to compel the husband to support the wife without asking for a decree of divorce." (See also *Almond v. Almond*, 4 Rand. (Va.), 662; *Purcell v. Purcell*, 4 Hen. & Munf., 506; *Jelineau v. Jelineau*, 2 Des. (S. C.), 45; *Prince v. Prince*, 1 Rich. Eq. Rep., 282; *Graves v. Graves*, 36 Iowa, 310; 2 Bishop on Marriage and Divorce, sec. 354, *et seq.*; *Glover v. Glover*, 16 Ala., 440; *Wray v. Wray*, 33 Id., 187.)

The cases cited in defendant's brief show that the states of Indiana, New Hampshire, Missouri, New York, Massachusetts, New Jersey, Michigan, and Louisiana have held to the opposite doctrine.

There being this conflict in the decisions of the courts, it becomes the duty of this court to decide the case upon what may be deemed the soundest principles and those most in consonance with the spirit of the present civilization and of our law. As we have already said in substance, there is not much to commend an alleged principle of equity which would hold that the wife, with her family of one or more children to support, must be driven to going into court for a divorce when such a proceeding is abhorrent to her, or, in case of her refusal so to do, being compelled to submit to a deprivation of the rights which equity and humanity clearly give her; that, in order to obtain that to which she is clearly entitled, she must institute her action for a divorce, make her grievances public, which she would otherwise prefer to keep to herself, and finally liberate a husband from an obligation of which he is already tired, but from which he is not entitled to be relieved. It seems to us that a declaration of such a doctrine as the law of the land would place it within the power of every man, who, unrestrained by conscience, seeks to be freed from his obligations to his wife and family, by withholding the necessary comforts and support due them, to compel her to do that for him which the law would not do upon his own application. This, it seems to us, must have been the view of the legislature in the enactment of the law of divorce and alimony, which we have hereinbefore copied. But however that may be, we are of the opinion that courts of equity should have and do have the jurisdiction to grant relief in cases of this kind without reference to the statutes of the state, but by and through the jurisdiction growing out of the general equity powers of the court.

The judgment of the district court is reversed, the demurrer overruled, and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

THE other Judges concur.