L. J. RENO v. D. A. HALE.

[FILED FEBRUARY 4, 1890.]

1. **Alimony:** CHARGE ON LAND : FRAUDULENT CONVEYANCES. In 1880 one Mrs. E. obtained a divorce from her husband and a decree for the conveyance of certain real estate possessed by him. In 1881 the decree for the conveyance of the real estate was vacated and an order made that E. pay Mrs. E. $1,500. Soon after this modification of the decree, E. conveyed the land to one S. In 1882 an action was instituted by Mrs. E. in the district court against S. to have the conveyance to her declared fraudulent and void, and service was had by publication and a decree afterwards obtained in conformity to the prayer of the petition. There was no appearance by S. or attempt to modify such decree. In 1883, after the taking effect of the act relating to alimony, an execution was duly issued and the land sold to satisfy the decree for alimony, and the sale afterwards confirmed and a deed ordered and made. *Held,* That the purchaser acquired the title of E. to the premises.

2. —— : —— : ——. A decree declaring the purchase of the land in controversy fraudulent, having been rendered by a court having jurisdiction of the subject-matter, upon legal service of notice, was valid until set aside or modified.

3. **Judicial Sale:** PURCHASE BY APPRAISER. The statute precludes an appraiser of real estate, which real estate is about to be sold under an execution or order of sale, from purchasing at the sale, and a sale to such appraisers, or either of them, is void as against the judgment debtor, and all persons who sustain an injury thereby. Third persons who have no interest in the matter, however, cannot object.

ERROR to the district court for Madison county. Tried below before POWERS, J.

*H. C. Brome,* for plaintiff in error:

In Nebraska alimony was not a lien on real estate prior to May 21, 1883. (*Swansen v. Swansen,* 12 Neb., 210; *Brotherton v. Brotherton,* 14 Id., 186.) Hence the decree of May 12, 1883, which sought to subject the fee to a lien for alimony, was void, that being the only relief asked for. (*Fithian v. Monks,* 43 Mo., 502; *Wood v. Stanberry,* 21 Ohio St., 142; *Howe v. McGivern,* 25 Wis., 525; *Moore v. Edgefield,* 32 Fed. Rep., 498.) Since no subsequent proceedings based on a void decree are valid, the vendee, at a sale authorized thereby, obtains no title. (Freeman, Judgments, sec. 117; *Campbell v. McCahan,* 41 Ill., 45; *Huls v. Buntin,* 47 Id., 397; *Hargis v. Morse,* 7 Kan., 417; *Roberts v. Stowers,* 7 Bush [Ky.], 295; *Doe v. McDonald,* 27 Miss., 610; *Hollingsworth v. Bagley,* 35 Tex., 345.) Nor can the legislature give such proceedings validity. (*Pryor v. Downey,* 50 Cal., 388; *Lane v. Nelson,* 79 Pa. St., 407; *Griffin v. Cunningham,* 20 Gratt. [Va.], 109; *Maxwell v. Goetcheius,* 29 Am. Rep., 242; Freeman, Void Judicial Sales, sec. 56.) As Ellis testifies that he made the conveyance to Elizabeth G. Clark to prevent the collection of the amount decreed against him as alimony, neither he nor his subsequent grantee can recover title thereto. (*Moseley v. Moseley,* 15 N. Y., 334; *Gregory v. Haworth,* 25 Cal., 653; *Lawton v. Gordon,* 34 Cal., 36; *Blount v. Costen,* 47 Ga., 534; *Prestidge v. Cooper,* 54 Me., 74; *Jones v. Rahilly,* 16 Minn., 320; *Perry v. Calvert,* 22 Mo., 361; *Stevens v. Morse,* 47 N. H., 532; *Vanzant v. Davies,* 6 Ohio St., 52; *Cameron v. Romele,* 53 Tex., 238.) As Hale, an appraiser, was also a purchaser at the sale, the latter is void. (Code, sec. 503.)

*Allen, Robinson & Reed, contra:*

The jurisdiction of the district court to enter the modified

decree cannot be questioned (*Ellis v. Ellis*, 13 Neb., 95); and payment thereof may be enforced by the usual means. Alimony has been enforced as a judgment (*Allen v. Allen*, 100 Mass., 373; *Foster v. Foster*, 130 Id., 189); as an ordinary decree (*Blake v. People*, 80 Ill., 11; *Burrows v. Purple*, 107 Mass., 428); by supplementary proceedings (*Barker v. Dayton*, 28 Wis., 367); by execution (*Call v. Call*, 65 Me., 407); as a charge on the land (*O' Callaghan v. O' Callaghan*, 69 Ill., 552; *Russell v. Russell*, 4 G. Greene [Ia.], 26; *Blankenship v. Blankenship*, 19 Kan., 159; *Holmes v. Holmes*, 29 N. J. Eq. 9; *Owar v. Hungerford*, 10 Ohio St., 268; *Stillman v. Stillman*, 7 Baxt. [Tenn.], 169); and by many other methods. The district court as a court of chancery had power to enforce the decree of alimony against the land. (*Barber v. Barber*, 21 How. [U. S.], 582; 2 Bishop on Mar. & Div., secs. 453, 501.) The decree cannot be assailed collaterally as in this case. (*Finch v. Hollinger*, 47 Ia., 176.) Admitting that Hale, the appraiser, is the same party as defendant in error, the subsequent confirmation of the sale disposed of the objections, and it cannot now be raised collaterally. (*McKeighan v. Hopkins*, 14 Neb., 368; *Neligh v. Kene*, 16 Id., 410.)

MAXWELL, J.

This is an action of ejectment by the plaintiff against the defendant in the district court of Madison county to recover the southwest quarter of section 12, town 22, range 3 west of the 6th P. M., in Madison county. An ordinary petition in ejectment was filed by plaintiff. Hale's answer was a general denial. Upon these issues the cause was tried.

To maintain the issue on his part Reno offered in evidence:

First—Patent to William Ellis, dated February 1, 1875.

Second—Warranty deed by William Ellis (single) to

Elizabeth G. Smith, dated July 27, 1881; consideration named in deed, $1,000.

Third—Warranty deed by Elizabeth G. Smith and husband to James T. Brown, dated May 9, 1885; consideration stated in deed, $3,000.

Fourth—Warranty deed from James T. Brown and wife to Reno, dated December 3, 1886; consideration, as appears from deed, $800.

Hale, to maintain the issue on his part, offered in evidence certain records of the district court of Madison county, from which it appears that in 1880 Miranda Ellis, the wife of William Ellis, began divorce proceedings against William Ellis, her husband, in that court, and on the 18th day of September, 1880, a decree was entered in that case ordering the conveyance of the real estate in controversy to Miranda Ellis.

At the May, 1881, term of the district court of Madison county this portion of the decree was vacated, and in lieu thereof William Ellis was required to pay to Miranda Ellis $1,500 as permanent alimony, the form of the modified decree being "And now on this day, this cause coming on to be heard upon the application of the plaintiff to revise and alter the decree made and entered at the last term of this court in this cause, to-wit, to vacate and set aside that part of said decree requiring the defendant to convey to the plaintiff the real estate mentioned and described in said decree, and to allow the plaintiff a certain sum of alimony in lieu of said real estate; and that said application and petition therefor being in due form of law, and the defendant having been duly and legally notified that said application would be made on the first day of the May, 1881, term of this court, and the court, after hearing the evidence and being fully advised in the premises, grants said application and sustains the motion of the plaintiff herein, and it is therefore ordered, adjudged, and decreed by the court here that the said decree made and

entered in this cause be revised and altered in this, to-wit, that the same be vacated as to the conveyance by the defendant to the plaintiff of the real estate therein described, they not having complied with any part of the order and decree of this court made and entered at the last term thereof; it is further ordered, adjudged, and decreed by the court here that the defendant pay to the plaintiff in this cause, or to her attorneys, Robertson and Campbell, the sum of $1,500, and in default of such payment execution issue therefor. The said amount of alimony allowed by this decree being in lieu of the said real estate."

From the modified decree Wm. Ellis appealed to this court, and at the July, 1882, term, this court affirmed the modified decree. (13 Neb., 91.)

December 5, 1882, Miranda Ellis commenced an action against William Ellis, Elizabeth G. Smith, and J. L. Haines, alleging that this decree for a permanent alimony was a lien on these premises; that the conveyance to Elizabeth G. Smith was fraudulent, and made to prevent the sale of said real estate by legal process to pay the $1,500 permanent alimony.

The only service had upon Wm. Ellis and Elizabeth G. Smith was by publication.

May 12, 1883, a decree was entered in that action in accordance with the allegations of the petition, upon default of all defendants except Haines, who had a lease-hold interest only, and ordering the premises sold upon an order of sale, and the proceeds applied in satisfaction of the supposed lien for alimony. July 17, 1883, under this decree an order of sale was issued, and on the 10th day of September, 1883, the land was sold to the defendant, D. A. Hale, who, it is claimed, was one of the appraisers called by the sheriff to make the appraisement upon which the judicial sale was had. In pursuance of this sale a deed was made on the 5th day of December, 1885, by the sheriff to the defendant D. A. Hale.

Defendant also offered in evidence a quit-claim deed to himself from Wm. Ellis, dated September 23, 1887.

It was further shown on the part of defendant, over the objection and exception of plaintiff, by Wm. Ellis, who was called as a witness on the part of defendant, that he, Ellis, made the deed to Elizabeth G. Smith, for the purpose of preventing a sale of the land to pay the alimony awarded to his wife.

Defendant's counsel, W. V. Allen, also testified, over the objection and exception of plaintiff, that when the deed was made by Elizabeth G. Clark to James T. Brown, he was a partner of Brown's, and that he *heard* Brown say that he only paid $50 for the land. It was further agreed that W. M. Robertson, who acknowledged the sheriff's deed as notary public, and whose name appears thereon as the only witness thereto, was one of the attorneys for plaintiff in the legal proceedings culminating in this deed.

At the close of the evidence, plaintiff asked an instruction directing the jury to return a verdict for plaintiff; this was refused, and the jury instructed to return a verdict for defendant, which was done.

A motion for a new trial was overruled, and Reno brings the case to this court by petition in error.

The validity of the decree declaring the purchase of the land in question by Mrs. Smith from Ellis to have been fraudulent, and declaring such land subject to her alimony, is questioned.

It is true the service was constructive, but the land was within the jurisdiction of the court and subject to its decrees in a proper case. If in fact the land was conveyed by Ellis to Mrs. Smith for the purpose of defrauding Mrs. Ellis of her alimony and the grantee was cognizant of that fact, or took the title without consideration, she would not be protected.

It is the *bona fide* purchaser that is protected, and the testimony tends to show that Mrs. Smith was not such purchaser.

If the decree against Mrs. Smith was valid, then her conveyance to James T. Brown was of no effect, because if by the decree she was divested of title or interest in the land, then she could convey no title by her deed.

The court had authority to make the decree in question, and as no attempt so far as appears has ever been made to set it aside or modify it, it is still in full force.

This disposes of the title on which the plaintiff in error relies for a recovery, and as his grantor had no title he therefore possesses none. The claim that Hale was one of the appraisers of the land and therefore was precluded from purchasing the same is not available to a third party, who could sustain no injury by such appraisement. The statute, in order to prevent property from being appraised at less than its value, debars the appraisers from purchasing at the sale. At such sale the property must bring at least two-thirds of the appraised value, and as against a person who sustains loss thereby, a sale to one of the appraisers is void. In other words, when brought to the attention of the court in a proper manner, either before confirmation of the sale, or, if there is a valid excuse for not bringing it to the attention of the court then, within a reasonable time thereafter, the court will set the sale aside upon such terms as may be just.

The parties interested may, however, be perfectly satisfied with the appraisement and sale, and if they do not object, third parties who have sustained no injury by the appraisement cannot. In other words, a sale to an appraiser is void as against the judgment debtor and his grantees and may be attacked by them in an action to redeem, even after confirmation. (*McKeighan v. Hopkins*, 19 Neb., 34.)

Whether the right to redeem is open to the plaintiff in error is not now before the court, as the question does not arise in this case. The proceedings under which the defendant in error obtained title by a sale of the land, appear to be regular and need not be further considered.

Ins. Co. v. McLimans.

It is unnecessary to discuss the other questions in the case.

There is no material error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.