MICHAEL CIZEK v. ANNA CIZEK.

FILED JUNE 8, 1906. No. 14,172.

1. Divorce: ALIMONY: JURISDICTION. Jurisdiction relative to divorce and alimony is given by statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist. *Cizek v. Cizek,* 69 Neb. 800, followed and approved.

2. **Alimony: POWER OF COURT.** Under section 27, ch. 25, Comp. St. 1905, the district court has a continuing power, after a decree of divorce and alimony has been granted, to review and revise the provisions for alimony at its subsequent terms on petition of either of the parties.

3. ———: ———. If the decree of the trial court awarding alimony in a divorce proceeding is void for want of jurisdiction, the court may at a subsequent term award suitable alimony upon application and a sufficient showing.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Talbot & Allen* and *Hainer & Smith,* for plaintiff in error.

*J. E. Philpott, contra.*

OLDHAM, C.

This is an action by supplemental petition to review, revise and amend a former decree attempting to award Anna Cizek alimony in a divorce proceeding, originally instituted by Michael Cizek against her in the district court for Lancaster county, Nebraska. The facts underlying the controversy are that in March, 1902, Michael Cizek brought an action for divorce against his wife, Anna Cizek, and in his petition alleged that he was the owner in fee of certain lots situated in Lincoln, Nebraska, and further alleged that it was his wish that his wife, Anna Cizek, should be allowed a reasonable sum for alimony. Anna. Cizek, the wife and present plaintiff, filed an answer and cross-petition in which she also asked for alimony. A decree of divorce was granted on the cross-petition of the wife, and, in lieu of all other orders of alimony, the court attempted to decree a conveyance of the lands owned by the husband to the wife, with a provision that when the lands were so conveyed the wife should execute a mortgage for $250 on the lands in favor of the husband, payable six months after date and bearing interest at the rate of 6 per

cent. This decree was not appealed from by either of the parties, but the husband, Michael Cizek, refused to comply with the decree, and the wife attempted to enforce it by a suit for the possession of the land, and succeeded so far as the judgment of the district court was concerned. But on a review of the judgment by this court, in *Cizek v. Cizek*, 69 Neb. 800, it was held that the decree of the court, in so far as it attempts to award the real estate of the husband to the wife as alimony, was void and subject to collateral attack. After the rendition of this opinion, and more than a year after the first judgment, plaintiff, Anna Cizek, instituted this suit, in which she alleges all the proceedings heretofore had in the case, and prays the court to so alter, amend and correct its former decree as to grant her a reasonable allowance for support and alimony. Defendant, Michael Cizek, answered plaintiff's petition by admitting the former decree of divorce, and pleading the former judgment as a bar to any subsequent suit by the wife for alimony. On issues thus joined, there was a trial to the court and a judgment for the plaintiff for $375 alimony in gross. To reverse this judgment defendant, Michael Cizek, brings error to this court.

The contention of the defendant is that, as the judgment of the district court, which attempted to award alimony in the original suit, was not appealed from by either of the parties, it is a final and binding judgment, which, although erroneous, could at most only be reviewed, after the term in which it was rendered, under the provisions of section 318 of the code, and that to entitle plaintiff to a new trial under this provision of the code the action should have been instituted within one year from the date of the judgment. If plaintiff's right of review depends on section 318 of the code, there can be no doubt that the defendant's position is well taken; but, as said by this court at the former hearing of this case: "Jurisdiction relative to divorce and alimony is given by statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist." The

sections of the statute providing for divorce and alimony are contained in chapter 25, Comp. St. 1905, and section 27 of this chapter is as follows: "After a decree for alimony or other allowance for the wife and children, or either of them, and also after a decree for the appointment of trustees to receive and hold any property for the use of the wife or children, as before provided, .the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit." This section of the statute has been interpreted by this court in *Ellis v. Ellis*, 13 Neb. 91, a case in which the wife had been awarded the lands of the husband as alimony in a divorce proceeding, and, after the adjournment of the term of court at which the decree of divorce had been granted, the wife by a supplemental petition asked to have the former decree amended and revised. In considering the question, COBB, J., speaking for the court, said:

"In decreeing the conveyance of the land, the court exceeded its powers under the statute: yet, had the defendant seen fit to make the conveyance according to the decree, it would have been a full discharge thereof. He not having done so, it was within the power of the court, upon proper notice, to revise and alter such decree in respect to the payment of such alimony or allowance, this supplemental or revised decree being one which 'such court might have made in the original suit.' "

In the recent case of *Chambers v. Chambers*, 75 Neb. 850, the construction of the statute in question was considered, and some of the authorities reviewed and the conclusion was reached that an application for permanent alimony or for a modification of a decree for alimony at a subsequent term must be based upon facts which did not exist when the decree was entered, or show a sufficient

reason why the issues tendered by the application were not litigated and determined in the original suit.

In the case at bar a good and sufficient reason is shown why the former decree for alimony should be modified. The condition is similar to that involved in *Ellis v. Ellis, supra,* with the additional circumstance that in this case the defendant challenged the jurisdiction of the court to award the alimony allowed in the original decree, and was successful in that challenge. Having demonstrated that the attempted adjudication of the court upon the question of alimony was nugatory and of no effect, he cannot now be heard to urge it as a final adjudication of the matter. This brings the case precisely within the rule announced in *Chambers v. Chambers, supra,* in that a sufficient reason is shown why the issues tendered by the application in the original suit were not litigated and determined.

The judgment of the district court is therefore right, and we recommend that it be affirmed.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.