MABEL DeVORE, APPELLEE, v. HILRA DeVORE, APPELLANT.

FILED JUNE 19, 1920.   No. 20732.

1. **Divorce:** EXTREME CRUELTY. "A continuing course of conduct on the part of either spouse, which so grievously wounds the mental feelings, or which so utterly destroys the peace of mind as to seriously impair the bodily health and endanger the life or reason of the other, or which nullifies the legitimate ends and objects of matrimony, constitutes extreme cruelty within the meaning of the statute." *Hartshorn v. Hartshorn, ante,* p. 561.

2. ———: ALIMONY. In entering a decree for alimony, the court may take into account all of the property owned by the parties at the time of entering the decree, whether accumulated by their joint efforts or acquired by inheritance, and make such award as is proper under all the circumstances disclosed by the record.

APPEAL from the district court for Lancaster county: LEONARD A. FLANSBURG, JUDGE. *Affirmed.*

*B. F. Good* and *Thomas, Vail & Stoner,* for appellant.

*George E. Howard* and *Reese & Stout, contra.*

MORRISSEY, ʻC. J.

Plaintiff was awarded a decree of absolute divorce and a judgment for alimony. Defendant appeals.

Plaintiff's cause of action is based on a charge of extreme cruelty. Defendant denied the charge, and insists that the evidence does not warrant the granting of a decree. The parties were married in the year 1899, plaintiff being then 17 years of age and defendant slightly older. No children have been born to them, and during the major portion of their married life they have lived by themselves. As to the disputes and quarrels, if any there were, we must judge largely from the parties' own testimony. At the date of the marriage they were without means, and they set up housekeeping on a rented farm. They were industrious and frugal and prospered in business, but, as the years went by, they quarreled. According to the testimony of plaintiff, defendant frequently used profane and abusive language toward her. She testifies that on one occasion, when they were together at a hotel in Omaha, she protested against his conduct there, whereupon he cursed her and threatened to "slap her if she didn't shut her mouth." On another occasion, while at their home, in the presence of company, without apparent provocation, defendant called plaintiff "a bitch" and said he would wring her neck. It is claimed that he repeatedly called her a "damn whore and a damn bitch." Defendant undertook to deny this testimony, but the denial is not convincing.

The final act in the domestic drama was played in Lincoln, from which city they were about to depart in an automobile for their home. A dispute arose as to whether the side curtains on the car should be put in place. Defendant insisted on their use because of the inclement weather conditions. Plaintiff objected and announced that if they were put on she would tear them down, and defendant threatened her with personal violence if she did so. She thereupon left the automobile, and this suit for divorce followed. In the final quarrel, the evidence indicates that defendant was warranted in suggesting the use of the side curtains on the

DeVore v. DeVore.

car and plaintiff was unreasonable in her objections to their use. But she had only recently left a sick bed and defendant ought to have made allowance for her condition. At all events, his threat of personal violence, although he made no move to carry it out, is not easily condoned.

In many respects defendant is shown to have been a good husband, but on the whole evidence, which we cannot undertake to set out at length, he appears to have conducted himself in disregard of her rights and without due consideration for a woman's sensibilities. He worked hard to provide for her material needs; but a husband owes more to his wife than food and raiment. "A continuing course of conduct on the part of either spouse, which so greviously wounds the mental feelings, or which so utterly destroys the peace of mind as to seriously impair the bodily health and endanger the life or reason of the other, or which nullifies the legitimate ends and objects of matrimony, constitutes extreme cruelty within the meaning of the statute." *Hartshorn v. Hartshorn, ante,* p. 561.

The remaining question has to do with the award of alimony, which defendant insists is excessive. The trial court found, on evidence fully sustaining the findings, that defendant at the date of the decree had property of the value of $46,266, and that of this amount $29,717 was accumulated by the joint efforts of the parties. The difference between the two amounts represents approximately the amount defendant received from his father's estate. The court gave plaintiff $17,200 alimony, together with a fee for her attorneys. We are pointed to the case of *Pierce v. Pierce,* 96 Neb. 511, where the court awarded the wife one-half of the joint accumulations of the parties, and from this it is argued that in the instant case plaintiff should share only in the amount found by the court to be the joint accumulation of the parties while living together as husband and wife. This would exclude from considera-

DeVore v. DeVore.

tion the property inherited by defendant. We see no reason why this should be done. In the case of *Pierce v. Pierce, supra,* each of the parties had contributed substantially the same amount in money and property; each had worked industriously from the marriage to the separation; neither appeared to have been entirely free from blame; and the court very properly divided their joint accumulations, which was all the property they possessed, between them. Here we have a young couple beginning without property, but by the industry and economy of each accumulating a substantial sum, and the husband during the later years of their married life inheriting an additional sum. This inheritance was not unexpected by either husband or wife. At the time of the marriage defendant's father was a well-to-do farmer; plaintiff and defendant early set up house-keeping on one of his farms. When plaintiff, a girl of 17, entrusted her life and fortune to the keeping of defendant, she knew that in the natural course of events defendant would inherit a part of his father's estate and she had the right to take this into account when she entered into the marriage relation. The court in awarding alimony might well take this property into consideration and make such award as seemed just and equitable on the basis of all the property owned by the parties at the date of the decree. This was done, and the decree will not be disturbed.

AFFIRMED.

Rose and Flansburg, JJ., not sitting.