LIBBIE H. PECKHAM, APPELLEE, V. BYRON E. PECKHAM, APPELLANT.

FILED DECEMBER 31, 1923.   No. 22572.

1. **Divorce:** EXTREME CRUELTY. "A continuing course of conduct on the part of either spouse, which so grievously wounds the mental feelings or which so utterly destroys the peace of mind as to seriously impair the bodily health and endanger the life or reason of the other, or which nullifies the legitimate ends and objects of matrimony, constitutes extreme cruelty within the meaning of the statute." *Hartshorn v. Hartshorn.* 104 Neb. 561.

2. **Evidence** examined, and *held* to support the decree of the trial court.

APPEAL from the district court for Pawnee county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Dort, Cain & Witte,* for appellant.

*Barton & Barton, contra.*

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., REDICK, District Judge.

MORRISSEY, C. J.

Plaintiff was awarded a decree of divorce and a judgment for alimony. Defendant appeals. Plaintiff's cause

of action is based on a charge of extreme cruelty coupled with an allegation of desertion.    The allegation in reference to the desertion is insufficient of itself to state a cause of action and the record has been examined solely with the view of ascertaining whether it sustains the decree based on the charge of extreme cruelty.

The parties lived together for nearly forty years and have reared nine children.    The story of their troubles is a long one.    Counsel for neither party has set out an abstract of the evidence, and we shall refrain from doing so here, feeling that publication of the numerous acts of which plaintiff complains is unnecessary, if not improper.    If we accept plaintiff's story as true, and it seems to bear the hall-marks of truth, during the greater part of their married life the husband has been guilty of numerous acts of cruelty, any one of which, had suit been brought at the time, would have warranted the granting to her of an absolute divorce.    Suit was not brought, however, and if we understand the contention of defendant's counsel, plaintiff may not now maintain this action because by continuing to reside with defendant and maintain the marriage relation she condoned these acts of cruelty.    But we cannot take this view of the matter.    For many years the conduct of defendant was such that it must have made life well-nigh unbearable, and we may well assume that plaintiff would not have continued to bear with defendant except for her commendable desire to maintain a home for her growing children.    The children now being grown to manhood and womanhood, plaintiff is entitled to be freed from the bonds that have so long bound her.

"A continuing course of conduct on the part of either spouse, which so grievously wounds the mental feelings or which so utterly destroys the peace of mind as to seriously impair the bodily health and endanger the life or reason of the other, or which nullifies the legitimate ends and objects of matrimony, constitutes extreme cruelty within the meaning of the statute."    *Hartshorn v. Hartshorn*, 104 Neb. 561.

But one other question is presented, and that is as to the amount of alimony allowed. The trial court found the value of defendant's property to be approximately $37,000 in real estate and awarded plaintiff the sum of $11,700, together with an attorney's fee. Under the circumstances disclosed by the record, the judgment for alimony is not excessive, and the judgment is

AFFIRMED.