LOUISE KERKER, APPELLANT, V. ERNEST KERKER, APPELLEE.

FILED JUNE 12, 1925.  No. 23148.

Divorce:  EXTREME CRUELTY:  SUFFICIENCY OF EVIDENCE.  Evidence examined and found insufficient to warrant decree of divorce for extreme cruelty.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Boehmer & Boehmer*, for appellant.

*Charles E. Matson* and *Mills, Beebe & Mills*, contra.

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Action for divorce on ground of extreme cruelty. Plaintiff and defendant were married in 1892 and lived together about 30 years. They had three children, the oldest of whom died in 1919, and a son and daughter remain. They lived on a farm of 120 acres until 1919, when they moved

to Lincoln, where they purchased and operated a rooming house, the furniture for which was purchased by plaintiff with her own funds, and later the premises were purchased by defendant for $3,800 subject to a mortgage for $3,200. The farm was rented to the son, and the daughter lived in Lincoln with plaintiff. In August, 1921, defendant conveyed the Lincoln property to plaintiff in payment of moneys she had advanced during the marriage. At about this time defendant moved back to the farm, and the parties have not lived together since. Upon trial, the district court denied plaintiff a divorce and dismissed the action. Plaintiff appeals, and the only question to be considered is whether the court erred in refusing to grant plaintiff a divorce.

It would serve no useful purpose to set forth the evidence. There were no acts of physical violence, and the cruelty complained of consisted almost entirely of outbursts of temper on the part of defendant, directed toward the children and plaintiff impartially. It is not contended that plaintiff's health was affected by these outbursts. In fact, the evidence seems to show that she paid no particular attention to them at the time, and during these quarrels plaintiff talked quite as loud as defendant. The acts complained of relate almost entirely to a period six years or more before the suit was brought and the quarrels almost without exception resulted from controversy over family expenses. The parties are both possessed of high tempers and seemingly make no effort to control them. The result has been a rather stormy married life, but incompatibility of temper is not a ground of divorce in this state. This court has construed "extreme cruelty" to mean: "Any unjustifiable conduct on the part of either the husband or wife, which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health or endanger the life of the other, or such as utterly destroys the legitimate ends and objects of matrimony." *Ellison v. Ellison,* 65 Neb. 412. We have examined the evidence with care and find it quite

insufficient to support a decree of divorce within the spirit of this definition. The parties are at present living apart. The plaintiff appears to be conducting the rooming house successfully, and her income is considerably more than that of defendant from the farm. They are nearly 60 years of age, and we perceive no legal ground for divorce. The judgment of the district court is

AFFIRMED.