EDGAR L. BROWN, APPELLEE, V. KATHLEEN BROWN, APPELLANT.

FILED FEBRUARY 28, 1936. No. 29484.

*Prince &, Prince,* for appellant.

*ΙCleary, Suhr & Davis, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and RAPER and PROUDFIT, District Judges.

DAY, J.

Edgar L. Brown brought this suit to secure a decree of divorce. Kathleen Brown, the wife, contested the right of the plaintiff to such a decree. After a trial, the district court entered a decree of absolute divorce in favor of plaintiff, which also provided for a property settlement. The wife appeals from this decree.

The appellant contends that the evidence was not sufficient to justify a decree of divorce from the bonds of matrimony in favor of appellee. Divorce is a statutory remedy. "Jurisdiction relative to divorce and alimony is given by statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist." *Cizek v. Cizek,* 69 Neb. 800, 99 N. W. 28; *id.* 76 Neb. 797, 107 N. W. 1012.

The district courts of this state have no jurisdiction on the subject of divorce except such as is given them by statute. *Aldrich v. Steen,* 71 Neb. 57, 100 N. W. 311.

While in an early case, *Earle v. Earle,* 27 Neb. 277, 43 N. W. 118, it was held: "The law of the land having made it the legal duty of a husband to support his wife and children, courts of equity within this state have the power, in a suit by the wife for alimony and support, to enforce the discharge of such duty, without reference to whether the action is for a divorce or not." This rule has been followed

in a long line of cases. In the *Earle* case, it was sought to defeat the wife's suit because the proceeding was not recognized by our statute. She was permitted to recover because to deny her suit would have been to recognize a legal wrong without a remedy. But these cases are not applicable in the case at bar because the statutory remedy is ample and sufficient. A decree of divorce can only be granted for causes prescribed by the statutes. Without criticism of the rule first announced in the *Earle* case, that a court of equity has the power to enforce the obligations of marriages, it is clear that the reasoning of those cases does not apply to a suit to terminate the marriage relation. The marriage relation can only be destroyed for causes within the definition of the statute. *Perry v. Perry,* 199 Ia. 685, 202 N. W. 572.

Section 42-302, Comp. St. 1929, provides that a divorce may be decreed for the cause of extreme cruelty. The plaintiff's amended petition alleges as a cause of action that the defendant has committed continuous acts toward the plaintiff which constitute extreme cruelty. The defendant's answer denies these allegations.

This court is committed to the doctrine that a continuing course of conduct by either spouse which so grievously wounds the mental feelings or so utterly destroys the peace of mind as to seriously impair the bodily health and endanger the life or reason of the other or which nullifies the legitimate ends and objects of matrimony constitutes extreme cruelty within the meaning of the statute. *Kerker v. Kerker,* 113 Neb. 653, 204 N. W. 207; *Peckham v. Peckham,* 111 Neb. 340, 196 N. W. 628; *DeVore v. DeVore,* 104 Neb. 702, 178 N. W. 621, and numerous other cases announce this rule. Recently this court held: "Extreme cruelty, to justify a decree of divorce, where there is no physical injury or violence, must be of such a character as to destroy the peace of mind or seriously impair the bodily health of the unoffending party, or such as destroys the legitimate ends and objects of matrimony." *Chipperfield v. Chipperfield,* 121 Neb. 204, 236 N. W. 440.

It is therefore presented to this court as a question to determine the sufficiency of the evidence to require a decree. It would serve no useful purpose to delineate the testimony of the various witnesses. Our conclusions will suffice. The parties have been married more than 25 years. Much of the evidence partakes of the commonplace. Some of the incidents were arguments such as are not wholly unexpected between a strong-minded man and woman in the marriage relation. Of course, more courtesy on the part of each one toward the other would have prevented most of them. The parties are both possessed of high tempers and seemingly made no effort to control them. The result has been a somewhat stormy married life; but mere' incompatibility of temper is not a ground for divorce in this state. Over a period of 25 years, there is only testimony as to a half dozen specific instances. One argument occurred in relation to a house the parties were building for a home. At another time, the plaintiff insisted on driving, while defendant insisted that an employee should drive the car. Again, the defendant is said to have worked in the garden and left the plaintiff to eat his dinner alone. Other arguments were over the plaintiff's drinking. Habitual drunkenness is a statutory ground for divorce, but the evidence falls far short of establishing that plaintiff was an habitual drunkard. *Howell v. Howell,* 89 Neb. 243, 131 N. W. 216. It appears that a moderate use of liquor was indulged in by both parties. Surely one spouse cannot complain of the other indulging in a practice while indulging in the same practice. An examination of the entire record reveals that the evidence to support the allegations of misconduct of the wife falls far short of that necessary to justify a decree. There is no substantial evidence of physical violence. The defendant did not engage in a continuous course of conduct of such a character as to destroy the peace of mind, seriously impair the bodily health of the plaintiff, or destroy the legitimate ends of matrimony. It is not for this court to attempt to do what is best for the parties. The relief which should be granted is that provided by the statute

upon the establishment of misconduct on the part of the defendant amounting to extreme cruelty. A decree of divorce from the bonds of matrimony should only be granted when the evidence bring the case within the definition of the statute providing for such relief. While it is apparent that the results of this marriage have at times been most unhappy, that is no sufficient cause named in the statutes for granting a decree of divorce. It is not the province of this court to grant such a decree for sociological reasons. The policy of the state relative to marriage is to be determined by the legislature.

A decree of divorce is not denied the plaintiff because we find the allegations of the defendant's cross-petition are established by a preponderance of the evidence. We do not so find. Very extravagant conclusions are drawn by appellant from the evidence as to plaintiff's drinking and his association with a woman who has been for years a close friend of both parties. The plaintiff's conduct has not been such as would entitle the defendant to a decree of divorce or to a decree for separate maintenance. The defendant is the wife of plaintiff and entitled to support. She may maintain a proper suit when and if he fails in his duty. But it does not appear that he has failed in this respect at the time of the commencement of this suit.

The judgment of the district court is reversed except as the amount awarded defendant as attorney fees. The petition of the plaintiff and the cross-petition of defendant are dismissed.

REVERSED AND REMANDED.