SAMUEL O'BRIEN, PLAINTIFF IN ERROR, V. NANCY O'BRIEN, DEFENDANT IN ERROR.

1. **Divorce:** MODIFYING DECREE. An application to modify a decree of divorce is a special proceeding within the meaning of section 581 of the civil code, and an order made therein affecting a substantial right may be reviewed on error. In such case it is not necessary to a review that the order complained of terminates the action or prevents a judgment.

2. ————: ALIMONY. In such case, where the divorced wife seeks a modification of the decree for alimony, alleging that the decree was obtained by the fraud of the husband and his agents, the district court has authority to require the husband to pay into court a reasonable sum of money, to enable her to prosecute her action.

ERROR to the district court for Dodge county. Tried below before POST, J.

*N. H. Bell*, for plaintiff in error.

*C. Hollenbeck*, for defendant in error.

REESE, J.

In April, 1883, defendant in error obtained a decree of divorce from plaintiff in error. In that action she was awarded both temporary and permanent alimony and the custody of the minor children of the parties. In May, 1884, plaintiff filed his petition in the same court, alleging the foregoing facts, and that defendant had become an unfit person to have the custody of the children, and asking a modification of the decree to the extent that, owing to his fitness to take charge of the children, and his ability to provide for them, he be given their custody. It is unnecessary to set out here the allegations of the petition. It is sufficient to say that enough is stated, if true, to require the modification.

O'Brien v. O'Brien.

Defendant answered, denying the charges made against her, and alleged, substantially, that plaintiff was a man of bad morals and habits, and not a fit person to have the custody of the children. She further alleged that plaintiff, by taking advantage of her destitute condition, and by fraudulent representations, induced her to consent to her former allowance of alimony, which was inadequate and much too small; and by his conduct since the divorce was granted he had involved her in litigation until her means were exhausted, and she was unable, for want of such means, to take the necessary testimony to refute the charges made against her and her character, and prosecute her defense. She asked for temporary alimony, or suit money, to enable her to do so. The district court made an order requiring plaintiff to pay to her the sum of $50, " as temporary allowance for suit money, and to enable her to properly defend " the action. For the purpose of a review of this order, plaintiff brings error.

The first question requiring our attention is presented by defendant by a motion to dismiss the proceedings in error, for the reason that the order of the district conrt was not such a final order as can be reviewed by proceedings in error.

Section 581 of the civil code provides that, "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed, as provided in this title."

Applying the provisions of this section to the case at bar, it is clear that no authority for review is found in the first clause of the section, as the order complained of neither determined the action nor prevented a judgment. We next inquire whether this is a special proceeding, and whether the order complained of is one affecting a substantial right.

As this is not an original action, but a proceeding specially provided by sections 15 and 16 of chapter 25 of the Compiled Statutes of 1885, it must be apparent that it falls directly within the provisions of section 16. These sections are as follows:

"Sec. 15. Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bonds of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them shall remain.

"Sec. 16. The court may, from time to time, afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody, and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children shall require."

This action must therefore be held as a special proceeding, and the order one affecting a substantial right therein, and is open to review by this court. It differs from *Aspinwall v. Aspinwall*, 18 Neb., 463, S. C., 25 N. W. Rep., 623, in this, that the appeal in that case was taken from an order allowing alimony in the original action for a divorce, which order is especially provided for by section 12 of chapter 25, *supra*, and was made "in an action," but it neither "determined the action" nor "prevented a judgment." In this case the original action has been determined and a final decree of divorce has been rendered, and of which—so far as the divorce itself is concerned—neither party complains. We therefore hold that the order is one which may be reviewed on error.

The next question presented is, whether or not the district court had authority under the statute to make the order complained of?

Section 12 of chapter 25 of the Compiled Statutes of 1885, provides that, "In every suit brought either for a divorce or for a separation the court may require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency; and it may decree costs against either party and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver."

By this it is apparent that "in every suit brought either for a divorce or for a separation" the court has plenary power, "in its discretion," to require the husband to pay a proper sum necessary to enable the wife to sustain her action or defense.

Section 27 of the same chapter is as follows: "After a decree for alimony or other allowance for the wife and children, or either of them, and also after a decree for the appointment of trustees to receive and hold any property for the use of the wife and children as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof, and also respecting the appropriation and payment and income of the property so held in trust, and may make any decree respecting any of said matters which such court might have made in the original suit."

By this section the full power of the court over the matters therein specified is preserved the same as in the original suit. Looking alone to the petition of plaintiff in error, which seeks a modification of the decree only so far as it relates to the custody of the children, we might not find authority under the section above quoted for the order made by the district court, but the answer of defendant reaches back prior to the original decree, and calls it in question, charging that that part which settles the property rights of the parties was obtained by the fraudulent acts of

plaintiff in error, through his agent, and that, relying upon the false representations made to her, she consented to the decree without the interposition of a finding by the trial court. It is clear that this answer, if true, states sufficient to entitle her to relief. It is also clear that section 27 above quoted gives the court authority-to grant that relief the same as it had in the original suit. This question was substantially passed upon in *Helden v. Helden*, 7 Wis., 256; 9 Id., 508; and 11 Id., 558; and it was there held that the court retained full power, not only to grant relief against the original decree, but that it had authority to give suit money to the wife during the pendency of the action to modify the decree. The court having the same power over the suit and the matters of alimony involved therein as it had over the original action, it follows that the order was properly made.

Defendant asks for an allowance to be paid by plaintiff to enable her to make her defense in this court. As the amount allowed by the district court seems to be sufficient, the motion will be overruled.

The order of the district court is affirmed, and the cause is remanded for further proceedings.

JUDGMENT ACCORDINGLY.

The other judges concur.