MATILDA BRASCH, APPELLEE, V. HERMAN BRASCH, APPELLANT.

FILED DECEMBER 16, 1896. No. 6945.

1. **Pending Actions.** Within the meaning of section 12, chapter 25, Compiled Statutes, an action is pending from its commencement until its final determination on appeal or error, or until the time fixed by statute for prosecuting an appeal or an error proceeding has expired.

2. **Divorce:** ALIMONY PENDENTE LITE: DISCRETION OF COURT. What sum a husband may be required to pay to his wife for her support during the pendency of a divorce suit for her "expenses" in prosecuting or defending the action, for counsel fees, and whether such sums shall be paid before the final hearing of the action and as a condition precedent to the right of the husband to further prosecute or defend, are matters within the discretion of the district court.

3. ——: ——: ——. It is equally within the discretion of the court to postpone until the final hearing of the case allowances made and then render a decree against the husband therefor.

4. ——: ——: ——. Allowances made in a divorce suit by a dis-

trict court for the temporary support of the wife for "expenses" and attorney's fees will not be disturbed unless it appears that the court abused its discretion. ·

APPEAL from the district court of Madison county. Heard below before JACKSON, J. *Affirmed.*

*Robertson, Wigton & Whitham*, for appellant.

*Powers & Hays*, contra.

RAGAN, C.

In the district court of Madison county, Matilda Brasch sued her husband, Herman Brasch, for a divorce. As a basis for her action she averred that her husband had been guilty of extreme cruelty toward her and was physically incompetent at the time of their marriage. The district court by its decree dismissed the action of Mrs. Brasch and taxed the costs of the action to her husband, and at the same time awarded her a decree against him for the sum of $100 for "costs and expenses incurred in the prosecution of the suit." From this part of the decree Herman Brasch appeals.

The argument is made that the court having dismissed the wife's action, was without authority to render a judgment against the husband for the "costs and expenses" incurred by the wife in the prosecution of the suit. Section 12, chapter 25, Compiled Statutes, is as follows: "In every suit brought either for a divorce or for a separation the court may in its discretion require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency, and it may decree costs against either party, and award· execution for the same," etc. The theory of appellant's counsel seems to be that this judgment of the district court awarding the wife "costs and expenses" incurred in the prosecution of the suit could have been made only by the court before the final decree was pronounced; or, in other words, that the decree appealed from was not

rendered during the "pendency" of the action within the meaning of the statute quoted above.    We do not think this contention is tenable.

In *Wegman v. Childs*, 41 N. Y., 159, it was held that an action was pending, though judgment had been recovered therein, so long as such judgment remained unsatisfied. While no provision of our Code declares for what length of time an action shall be deemed pending, we think that it pends at least from its commencement until its final determination on appeal or error, or until the time fixed by statute for prosecuting an appeal or an error proceeding has expired; and that the order appealed from here was made during the pendency of the action in which it was made, within the meaning of the statute quoted above.    (*Link v. Connell*, 48 Neb., 574.)    Doubtless a district court, in a divorce suit, before the trial thereof, is invested with authority, upon application and a showing being made therefor, to order the husband to pay to the wife sufficient money to support her during the pendency of the litigation; to pay her reasonable counsel fees and other expenses necessary to enable her to prosecute or defend the action; and the court may compel the husband, as a condition precedent to further prosecute or defend his suit, to comply with the order made.    But it by no means follows that if such an order for suit money or temporary alimony is not made by the court before the trial of the case that the court is divested of jurisdiction or authority to award the wife suit money or temporary alimony in the decree rendered.    Or, to paraphrase the language of Bishop, the district court may make up by its decree at the close of the suit what was lacking in justice during its progress.

The Code of Civil Procedure of the state of New York provided that such allowances may be made from time to time during the pendency of an action for divorce as are necessary to enable the wife to carry on or defend the action.    Construing this the court of appeals of that state, in *McBride v. McBride*, 23 N. E. Rep. [N. Y.], 1065,

held that where a judgment of divorce had been awarded the wife and the husband had appealed, that the court had authority to make an order directing the husband to pay such sums as might be necessary to enable the wife to defend the appeal.

Section 137 of the Code of Civil Procedure of the state of California provides that when an action for divorce is pending the court may in its discretion require the husband to pay, as alimony, any money necessary to enable the wife to support herself or her children or to prosecute or defend the action. *Bohnert v. Bohnert*, 27 Pac. Rep. [Cal.], 732, was an action for divorce in which a decree was rendered against the wife. The supreme court of California held that the district court in which the decree was pronounced was invested with authority to make an order compelling the husband to pay into the court a sum of money sufficient to enable the wife to employ counsel and pay the expenses for prosecuting an appeal.

*O'Brien v. O'Brien*, 19 Neb., 584, was an action brought by a wife to modify or set aside a decree of divorce, already granted in a suit between herself and husband, on the grounds that such decree had been obtained by fraud, and this court held that the district court in which the action was brought had authority to require the husband to pay into court a reasonable sum to enable her to prosecute the action.

*Griffin v. Griffin*, 47 N. Y., 134, is an instructive case as to the authority of a court of equity upon the final hearing of a divorce case to award, in addition to a decree disposing of the action, a further decree against the husband for expenses incurred by the wife for counsel fees and otherwise in litigating the action in her behalf. In that case the husband brought suit against the wife to annul their marriage contract upon the grounds that at the time of making the same she had a former husband living. It appears that prior to the rendition of the decree no order of the court was made awarding the wife

Brasch v. Brasch.

temporary alimony or suit money, but when the court rendered its final decree disposing of the action, and as a part thereof, it awarded her counsel fees of $1,200 and $929.50 for other expenses incurred by her in defending the action and decreed that the husband pay said sums to the wife. From this part of the decree the husband appealed. A statute of New York, in force at that time, provided that suits to annul a marriage should be by bill in chancery and should be conducted in the same manner as other suits prosecuted in courts of equity; and that the court should have the same power to award issues, to decree costs, and to enforce its decrees as in other cases. Another statute provided that in every suit brought for a divorce or separation the husband might be required to pay any sum necessary to enable the wife to carry on the suit during its pendency.. The court of appeals, construing the first of the statutes quoted above, held that it contained no express authority authorizing the court in an action for divorce to award counsel fees or expenses on a final decree unless such authority was embraced in the term "costs;" and in construing the second statute quoted held that its provisions were only applicable to cases in which the wife had brought the suit; but the court said: "Yet it has been the constant practice of the courts of chancery, both before and since the revised statutes, to make equitable provision for all these matters; and in so doing, it has been guided by the decisions of the ecclesiastical courts of England in similar cases. * * * This has not been done upon the theory that the court of chancery of this state was vested with the jurisdiction of the ecclesiastical courts of England in matrimonial cases, or that * * *. it ever possessed any jurisdiction in cases of divorce other than that which was conferred by our own statutes, but upon the ground of the general equitable jurisdiction of the court, and also that when our statutes did confer jurisdiction upon the court of chancery, in those actions for divorce which by the English law are solely cognizable in the ecclesi-

astical courts, the grant of that jurisdiction carried with it by implication the incidental powers which were indispensable to its proper exercise and not in conflict with our own statutory regulations on the same subject." And the court concluded that although no statute existed in New York authorizing in express terms the decree rendered by the *nisi prius* court, yet that court, as a part of its general equity jurisdiction, had authority to award the wife in the decree a sum of money sufficient to cover her expenses in defending her action and for paying her counsel.

But it is to be observed that section 12 of our statute quoted above differs from the New York statute just quoted in this respect: The language of the New York statute is that the husband may be required to pay any sum necessary to enable the wife to carry on the suit, while our statute provides that the husband may be ordered to pay any sum necessary to enable the wife to carry on or defend the suit. So that if express statute is necessary to invest the district court with authority to make a husband liable for the "expenses incurred" by a wife in prosecuting or defending an action for divorce it is found in section 12, chapter 25, quoted above. What sum a husband may be required to pay to his wife for her support during the pendency of a divorce suit, for her reasonable and necessary expenses in prosecuting or defending the action, for counsel fees, and when such sums shall be paid,—*i. e.*, whether before the final hearing of the action and as a condition precedent to the right of the husband to further prosecute or defend,—are matters entirely within the discretion of the district court; and it is equally within the discretion of that court to postpone until the final hearing of the case the allowance, if any, made the wife for expenses and counsel fees in prosecuting or defending the action, and to render a judgment or decree against the husband at the time of disposing of the suit for such sum as appears to be reasonable and necessary; and the allowance made by the district court

for the temporary support of the wife or for expenses and attorney's fees will not be disturbed unless it appears that the court has abused its discretion. (*Bohnert v. Bohnert*, 27 Pac. Rep. [Cal.], 732; *Graves v. Graves*, 33 N. E. Rep. [O.], 720; *Haines v. Haines*, 35 Mich., 138; *Burgess v. Burgess*, 25 Ill. App. Ct., 525.)

DECREE AFFIRMED.