JOHN REED v. MATHILDA A. REED.

FILED OCTOBER 9, 1902. No. 12,100.

Commissioner's opinion, Department No. 3.

Misjoinder: DIVORCE: PROPERTY RIGHTS: MARRIAGE RELATION: No OBJECTION. The determination of property rights not growing out of the marriage relation should not be joined with an action for divorce, but when such rights are asserted in the petition for a divorce and no objection is made to the misjoinder, the court should hear and determine the controversy.

ERROR from the district court for Douglas county. Tried below before ESTELLE, J. *Reversed.*

*David Van Etten,* for plaintiff in error.

*E. T. Farnsworth, contra.*

Duffie, C.

John Reed, the plaintiff below, filed his petition praying a divorce from the defendant. He also alleged that certain real and personal property held by the plaintiff in her own name was purchased with his money, and he prayed a decree that the defendant be adjudged a·trustee for plaintiff holding said property in trust for him. The defendant answered denying the allegations of the petition, and also asked a decree of divorce against the plaintiff. The court, by its decree, denied a divorce to either party, and refused to make any finding as to the rights of property claimed by the plaintiff, and dismissed that part of his petition without prejudice to the right of either party to adjudicate in any other action the property rights involved in this case as set forth in the pleadings. The plaintiff filed a motion for a new trial, which was overruled by the court, and he has brought the case to this court for review.

In the record filed in this court the parties are denominated "appellant" and "appellee," and the attorneys have so designated them in the briefs filed. No regular petition in error has been filed in this court, but a paper denominated "Special reasons claimed by the appellant" has been filed, in which eighteen alleged errors of the trial court are pointed out and relied upon for a reversal of the decree. Under these circumstances we think that we are required to treat the case as one brought here on error instead of on appeal.

A large amount of testimony was taken, the bill of exceptions consisting of nearly 700 pages of typewritten testimony. The plaintiff charged his wife with adultery. Upon this question there is a sharp conflict in the evidence—a conflict that can not be the result of mistake or misunderstanding. That some of the witnesses deliberately prejured themselves can not be doubted. In this condition of the case we can not interfere with the finding of the court. The rule that a judgment of the district

court will not be disturbed where the evidence is con-
flicting, is particularly applicable here. The trial court
saw the witnesses, had every opportunity to observe their
demeanor, their candor, their appearance of truthfulness,
and to judge, far better than can we, of their credibility.
If full faith were given to the plaintiff's witnesses, he
is undoubtedly entitled to a divorce. On the other hand,
the evidence offered by the defendant squarely and spe-
cifically refutes every charge of wrong-doing on her part,
and the circumstances detailed by some of her witnesses,
if true, leave no doubt of the correctness of the decree.
The district court was evidently more impressed with the
evidence offered by the defendant, and dismissed the
plaintiff's bill upon the merits so far as it sought a
divorce. There is no lack of evidence to support this find-
ing. In this condition of the record the decree refusing a
divorce must be affirmed.

The refusal of the court to make any finding upon the
question of the right to property claimed by the plaintiff
presents a different question. The rule, as we find it,
without exception, is that property rights not growing
out of the marriage relation can not be joined with an
action for divorce. "No action can be joined with the
action for divorce when the relief sought has no congruity
with divorce and the settlements arising out of a dissolu-
tion of the marriage. If the plaintiff can obtain the same
relief in an independent action, or if the property in con-
troversy will be secure while the divorce suit is pending,
the issues should not be tried in a divorce suit but in
a separate action, where a single issue may be tried by the
proper parties. Thus, an action to quiet title can not
be joined with an action to annul the marriage. An
action to recover personal property and to settle an
estate; or to adjust accounts with a mortgagee who is in
possession of the community property; or to enforce a
deed; or to set aside a deed to the wife's land, should
not be joined with a suit for divorce, as in any of these
cases the same relief could be obtained in a separate

action." 2 Nelson, Divorce, section 736. In *Uhl v. Uhl,* 52 Cal., 250, it was held that "the plaintiff can not, in ...e complaint, unite a cause of action to annul a marriage by reason of a former marriage of the plaintiff to one who is still alive, with a cause of action to quiet her title to her separate property, in which the defendant falsely claims an interest." In those jurisdictions where the property of the wife vests in the husband upon their marriage, she undoubtedly has a right in an action for divorce to exhibit to the court the property which she possessed and which became vested in her husband by reason of their marriage, and ask to have it restored to her. This rule is recognized by the provisions of our statute. Compiled Statutes, 1901, chapter 25, sections 17-22. The right to the possession of the homestead, being a right accruing to the parties by reason of their marriage, is one which the court should settle upon granting a divorce; but any independent rights of property not growing out of or dependent upon the marriage relation are not a proper subject of inquiry in a divorce action. If Mrs. Reed held property of the plaintiff in trust for him she acquired the title, not by virtue of their marriage relations, but entirely independent of them, and the settlement of a controversy relating to such real estate could not properly be joined in an action for divorce. The defendant did not demur or otherwise object for misjoinder of causes of action, and section 96 of our Code of Civil Procedure provides that by failure to take exceptions to a misjoinder of causes of action it shall be deemed waived. The court should therefore have determined the rights of property asserted by the parties in their pleadings, and its failure to do so was error, which must work a reversal of the case.

For the reasons above given we recommend that the case be reversed and remanded to the district court for further proceedings not inconsistent with this opinion.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, this case is reversed and remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.