JOHN REED, APPELLANT, V. MATHILDA A. REED, APPELLEE.

FILED JANUARY 21, 1904.    No. 13,270.

1. Actions: JOINDER.   An action to determine property rights not growing out of the marriage relation can not be joined with an action for divorce.

2. ————: DEMURRER.   Where such causes of action are joined in a petition, a demurrer thereto for misjoinder of causes of action should be sustained.

3. Witness: COMPETENCY.   In a suit by a married man against his wife to declare a trust in his favor in real estate of which she is in possession and to which she holds the legal title, and to quiet the title thereto in himself, the husband is not a competent witness.

APPEAL from the district court for Douglas county: CHARLES T. DICKINSON, JUDGE.   Affirmed.

. David Van Etten, for appellant.

E. T. Farnsworth and W. R. Patrick, contra.

BARNES, C.

On the 14th day of December, 1900, appellant filed a petition in the district court for Douglas ·county against his wife, Mathilda A. Reed, charging her with adultery, and also alleging, as a second cause of action, that she held certain real property in trust for him, the same having been purchased with his money, and the title thereto having been taken in her name. The petition concluded with a prayer for an injunction restraining the appellee from

incumbering or conveying the property *pendente lite*, and for a divorce, together with a decree confirming and quieting the title to the real estate described therein, in the plaintiff. To this petition an answer was filed, which in effect denied all of its allegations except the one of the marriage relation. It also contained an affirmative allegation that the property was purchased by the appellee, with her own separate money and means; that the appellant had no right, title or interest therein, and never contributed anything to the purchase price thereof. It also contained counter charges of infidelity and cruelty on the part of the plaintiff, and prayed that defendant be granted a decree of divorce. A reply was filed, and on the issues thus joined a trial was had which resulted in a decree denying both parties a divorce, and a dismissal of the divorce proceedings, together with a refusal of the court to pass on the question of the property rights of the parties. The appellant prosecuted error to this court where so much of the decree as denied him a divorce was affirmed. And it was held that two causes of action were improperly joined in his petition, but no objection thereto having been made in the district court it was the duty of that court to try and adjudicate his property rights. The cause was remanded to the district court for a trial and determination of that question. See 65 Neb. 849. On a return of the mandate to the district court appellant filed therein what he denominated as an amended and supplemental petition, which contained all of the allegations of his original petition, including his cause of action for a divorce. Thereupon the appellee demurred to the new pleading for a misjoinder of causes of action. The demurrer was sustained, and the appellant thereafter prepared another petition for a divorce, which he had docketed as a separate and distinct action, and prepared and filed another amended petition herein in which he again persisted in stating all of the facts alleged in his original petition, together with other matters, as grounds for a divorce. On a motion for that purpose the trial court ordered so much of the peti-

tion as related to the divorce proceedings stricken from the record. Thereafter an answer was filed to which the the appellant replied, and the cause came on for trial on the question of the property rights of the parties. At such trial the appellant offered himself as a witness to prove his ownership of the property as against his wife. His evidence was objected to on the ground that the husband can in no case be a witness against a wife, nor the wife against the husband except in a criminal proceeding for a crime committed by one against the other. The objection was sustained, and appellant's testimony was excluded, to which ruling an exception was duly taken. Thereupon one H. W. Barnum was called as a witness for the appellant, and testified in substance that he entered into a contract to lower the house called Reed's Hotel, situated in South Omaha, it being a part of the property described in the petition, to grade; that the contract was signed by Mrs. Reed, but that the negotiations leading up to it were made with Mr. Reed; that he never had any conversation with Mrs. Reed about the matter at any other time than when the contract was signed. With this evidence the appellant rested his case, and the trial court rendered a judgment in favor of the appellee, dismissing the petition. From that judgment the case comes here on appeal.

Many reasons are urged for a reversal of the judgment, but two of which are entitled to our consideration.

1. It is contended that the court erred in sustaining the demurrer to the last amended petition. This contention can not be sustained. As stated in our former opinion in this case, the rule without exception is, that property rights not growing out of the marriage relation can not be joined with an action for a divorce. *Reed v. Reed*, 65 Neb. 849; 2 Nelson, Divorce, sec. 736; *Uhl v. Uhl*, 52 Cal. 250. Equitable relief can not be prayed for in a divorce proceeding. 1 Am. & Eng. Ency. Pl. & Pr. 199; *Dunbar v. Dunbar*, 1 Clev. Law Rep. (Ohio) 148. Indeed, it is believed that no well considered case can be found where such joinder

has been permitted. When the appellant, in total disregard of our former judgment, filed a supplemental and amended petition it was proper for the defendant to demur to it for a misjoinder of causes of action and it was the duty of the trial court to sustain the demurrer. So appellant's contention, on this point, must fail.

2. It is strenuously urged by appellant that the court erred in sustaining the defendant's objection to his evidence offered on the trial of the question of property rights, put in issue by the pleadings. Section 331 of the code provides that "The husband can in no case be a witness against the wife, nor the wife against the husband, except in a criminal proceeding for a crime committed by the one against the other, but they may in all criminal prosecutions be witnesses for each other." At common law neither husband nor wife could testify one against the other in any case. Section 331 is simply a modification of the common law rule which permits them to testify only in criminal proceedings for a crime one against the other. From the very necessity of the case they are permitted to testify against each other in divorce proceedings, but these are the only modifications of the rule which otherwise remains the same as at common law. *Solomon v. Solomon,* 3 Neb. (Unof.) 540; *Greene v. Greene,* 42 Neb. 634; *Skinner v. Skinner,* 38 Neb. 756; *Niland v. Kalish,* 37 Neb. 47.

It follows that the court properly excluded this evidence. We have quoted, above, all of the evidence offered and received by the court, and it is clearly insufficient to sustain a decree for the appellant. The only judgment which the court could have rendered, under these circumstances, was one of dismissal.

We therefore recommend that the judgment of the district court be affirmed.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.