JOHN REED, APPELLANT, V. MATHILDA A. REED, APPELLEE.

FILED JANUARY 21, 1904.  No. 13,271.

1. **Divorce:** TEMPORARY ALIMONY. What sum the husband may be required to pay his wife during the pendency of a divorce suit as temporary alimony, expense money and counsel fees, to enable her to properly defend the action, are matters within the discretion of the district court.

2. **Misjoinder:** DEMURRER. Where a petition for a divorce contains a second cause of action for the settlement and adjudication of property rights, not growing out of the marriage relation, a demurrer thereto for misjoinder of causes of action should be sustained.

3. ———: ———: MOTION TO STRIKE. After a demurrer for a misjoinder of causes of action has been sustained, and the plaintiff files a new petition, and again inserts therein allegations relating to the second cause of action, a motion to strike such allegations should be sustained, and the objectionable matter thus eliminated from the pleading.

4. **Temporary Alimony:** CONSTITUTIONAL LAW. It is entirely within the sound discretion of the district court to require the husband to pay the sums of money allowed the wife as temporary alimony and counsel fees in a divorce case, to enable her to make a proper defense, as a condition precedent to the right to further prosecute his action. And an order requiring such payment does not conflict with any right guaranteed him by our constitution.

APPEAL from the district court for Douglas county: CHARLES T. DICKINSON, JUDGE. *Affirmed.*

*David Van Etten,* for appellant.

*E. T. Farnsworth* and *W. R. Patrick, contra.*

BARNES, C.

The plaintiff commenced an action in the district court for Douglas county to obtain a divorce from the defendant, and also to have her declared trustee for him to certain property, to which she held the title. The district court refused, after a full and fair trial, to grant a divorce to either party and dismissed the cause of action relating to

the property, without prejudice. Error was prosecuted to this court, and that part of the decree refusing a divorce was affirmed, while the judgment of the court dismissing the suit as to the property interests was reversed. In our opinion it was held that the two causes of action were improperly joined in the petition filed in the lower court, but, owing to the absence of any objection on that ground, the misjoinder was waived, and the court erred in not de- termining the whole controversy. *Reed v. Reed,* 65 Neb. 849. After the cause was remanded to the district court for a trial of the property rights, the plaintiff sought to reinstate and retry both causes of action by filing a so- called amended and supplemental petition, in which he reiterated all of his former charges against the defendant, and made an ineffectual attempt to plead new grounds for a divorce. The defendant thereupon made an application for an order requiring the plaintiff to pay her temporary alimony, attorneys' fees and suit money in order to enable her to properly defend the action, and upon a full hearing the court ordered that the plaintiff pay to the clerk of the court, within five days, the sum of $200 as attorneys' fees, together with the sum of $50 as suit money; and it was further ordered that the plaintiff should pay to the clerk of the court, for support and maintenance of the defendant during the pendency of the action, the sum of $10 a week, on each Monday morning, beginning Monday, January 12, 1903. To this order the plaintiff excepted, and on January 12, 1903, moved the court to set aside its said order, which motion after due hearing was overruled. The defendant thereupon demurred to the amended and sup- plemental petition, for a misjoinder of causes of action. The demurrer was sustained, and the plaintiff took leave to separate his causes of action and had them docketed as separate cases. After docketing the divorce case, which is the one at bar, plaintiff filed another petition in which he reiterated all of the statements contained in his original petition, and on the defendant's motion the court struck out of the petition all that part of it which related to the

property claims, after which an answer was filed and the
cause came on in due time for trial. At the commencement
of the trial the court was advised by the defendant that its
order in relation to alimony, suit money and attorneys'
fees had not been complied with; and the defendant ob-
jected to the plaintiff being permitted to proceed with
the trial of his cause until he should comply with the
order of the court. It appears from the record that an in-
effectual attempt was made to collect the money specified
in the order of the court by execution; that the plaintiff
had neglected and refused to comply with the court's order,
although nearly three months had elapsed after it was
made, and after his motion to set aside the order had been
denied before the cause came on for trial. The plaintiff
still refused to comply with said order, and on the hearing
of the defendant's objection to the plaintiff being allowed
to further proceed with the trial, a lengthy discussion took
place between counsel for the plaintiff and the court, and
although this discussion, or dialogue, is set forth in full
in the bill of exceptions, we deem it unnecessary to quote
it. It is sufficient to say that the court informed the
plaintiff's counsel that he could proceed with the trial
whenever he complied with the order of the court, and that
until he should so comply with the court's order, or show
his inability to do so, the trial would be held in abeyance.
Counsel for the plaintiff thereupon stated that he would
not comply with the order, that that question might as
well be settled first as last; and ordered the clerk to make
a transcript for the purpose of prosecuting error to this
court. The court thereupon dismissed the case, and from
said judgment of dismissal the plaintiff prosecutes error.

Counsel persists in rearguing the original charges and
allegations of adultery contained in his former suit, and
attacks our judgment therein. But these matters are fore-
closed by that judgment, and the only questions which we
can properly consider, are: First, the order of the court
allowing temporary alimony, attorneys' fees and suit
money, and its refusal to set aside said order. Second, the

order sustaining the demurrer. Third, the order striking out of the petition the allegations relating to property interests. Fourth, the refusal of the court to allow plaintiff to proceed with the trial and the dismissal of the cause for the absolute refusal of the plaintiff to comply with its order for the payment of temporary alimony.

1. It is provided by section 12, chapter 25 of the Compiled Statutes of 1903 (Annotated Statutes, 5335), that "In every suit brought, either for a divorce or for a separation, the court may in its discretion require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency; and it may decree costs against either party, and award execution for the same; or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver." It thus appears that there was ample statutory provision for the order complained of. In the case of *O'Brien v. O'Brien*, 19 Neb. 584, it was held that the court may order the husband to pay into court a reasonable sum of money to enable the wife to prosecute the action, where she seeks a modification of a decree of divorce alleged to have been obtained by fraud of the husband. In *Callahan v. Callahan*, 7 Neb. 38, it was held that a reasonable allowance of alimony, during the pendency of an action for divorce, brought into the supreme court upon appeal, will be made. In *Brasch v. Brasch*, 50 Neb. 73, it was held within the power of the court to order the husband to pay a certain sum of money to his wife during the pendency of a divorce suit for her expenses in prosecuting or defending the action. See, also, *Cochran v. Cochran*, 42 Neb. 612. It thus appears that the power of the court to make the allowance, complained of in this case, is no longer an open question; and after a careful examination of the record we are unable to say that the court erred, or was guilty of an abuse of discretion in refusing to set aside its order.

In *Brasch v. Brasch, supra*, it was held that allowances made in a divorce suit by a district court, for the temporary

support of the wife, for expenses and attorneys' fees, will not be disturbed unless it appears that the court abused its discretion. It was further held that "What sum a husband may be required to pay to his wife for her support during the pendency of a divorce suit for her 'expenses' in prosecuting or defending the action, for counsel fees, * * * are matters within the discretion of the district court." The record discloses that the question of the allowance of temporary alimony, together with its amount, was litigated on affidavits and evidence produced on both sides, upon consideration of which the court made the order complained of. It seems proper in all respects, and appears to have been the exercise of a sound discretion by the trial judge.

2. It is contended that the court erred in sustaining the demurrer to the plaintiff's so-called amended and supplemental petition. This contention can not be sustained. It was stated in our former opinion in this case that the rule, without exception, is that property rights not growing out of the marriage relation can not be joined with an action for a divorce. It may be further stated that equitable relief can not be prayed for in a divorce proceeding. When the case was sent back to the district court for trial on the question of the property rights of the parties, the plaintiff sought to avoid the consequences of the former trial and judgment by filing what he called an amended and supplemental petition, in which he again joined the two causes of action in utter disregard of our former opinion. When this pleading was filed it was proper for the defendant to attack it in the same manner as though it was an original petition filed in a suit just commenced. The way to reach the misjoinder was by a demurrer, and the court properly sustained the same.

3. After the demurrer was sustained the plaintiff filed another petition in which he again embodied the same objectionable matter. It was proper practice for the defendant to move to strike these allegations out of the pleading, and the court, by an order sustaining the motion, finally

eliminated it, and left the petition standing as one for divorce alone.

4. We come now to the question as to whether or not the court erred in refusing to allow the plaintiff to proceed with the trial of his case without complying with the order for the payment of temporary alimony, and in dismissing the action because of an absolute refusal on plaintiff's part to comply with that order. This question seems to have been settled in the case of *Brasch v. Brasch, supra,* where it was held that "It was entirely within the discretion of the district court when the sums allowed for temporary alimony should be paid, whether before the final hearing of the action and as a condition precedent to the right of the husband to further prosecute or defend, or to postpone such payment until the final hearing."

It is contended, however, that the order of the court was a violation of the rights of the plaintiff as defined by section 9, article 1 of the constitution of 1875. An examination of that section convinces us that counsel has made a mistake in his citation, and that he intended to cite section 13, article 1, which provides that "All courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." Counsel seems to think that this section of the constitution guaranteed him a trial of his case, whether he complied with the reasonable orders and rules of the court or not. In this he is mistaken. Due process of law, as specified in this section, has been defined as follows: "Law in its regular course of administration through courts of justice." "Due process of law, in each particular case, means such an exertion of the powers of the government as the settled maxims of law permit and sanction, under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." *Ex parte Ah Fook,* 49 Cal. 402. "Due process of law, * * * is a course of legal proceedings, according to those rules and principles which

Reed v. Reed.

have been established in our systems of jurisprudence for the protection and enforcement of private rights." *South Platte Land Co. v. Buffalo County*, 7 Neb. 253. Due process of law may be said to be satisfied whenever an opportunity is offered to invoke the equal protection of the law by judicial proceedings appropriate for the purpose and adequate to secure the end and object sought to be attained.

The court in this case was open to the plaintiff for the trial of his cause whenever he complied with its reasonable rules of practice, and its orders properly made in the process of the litigation. It can not be successfully contended that a plaintiff may have a trial of his cause without regard to rules of practice, to forms or precedents, or the reasonable methods of procedure adopted by the courts. In order to guarantee the plaintiff a speedy trial, and that justice should be administered to him without denial or delay, our courts must be held to have the inherent power to enforce their reasonable orders, for without such power an attempt to administer justice would inevitably result in a failure to accomplish the end sought. It was within the power of the court to require the plaintiff to comply with its order before permiting him to proceed with the trial, and his refusal to comply with this order was the only thing which prevented him from having his case adjudicated upon its merits. If he had complied with this order, or if he had shown to a reasonable certainty that he was unable to comply with it, no doubt the court would have permitted him to try his case instead of dismissing it without a hearing.

The plaintiff alone is to blame for the situation in which he finds himself, and we recommend that the judgment of the district court be affirmed.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.