# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1911.

---

### MARY HUNTER, APPELLEE, v. HENRY C. HUNTER, APPELLANT.

FILED JANUARY 9, 1911. No. 16,197.

1. Appeal: MOTION FOR NEW TRIAL: PRESUMPTIONS. In the absence of a showing in the transcript of the proceedings of the district court as to the date of the final adjournment of the term of said court, the supreme court will presume that a motion for a new trial, filed on the day of rendition of the judgment, or within three days thereafter, and which motion is referred to in the entry of the judgment as overruled, was filed during the term.

2. ———: RECORD: STATEMENTS OF CLERK. Statements in writing by the clerk of the court, not a part of the transcript of the record, or bill of exceptions, cannot be received for the purpose of contradicting the court records.

3. Divorce: PLEADING: MISJOINDER. Where a petition for a divorce contains as a part thereof a demand for the settlement and adjudication of property rights not growing out of the marriage relation, a demurrer thereto for misjoinder of causes of action should be sustained. If said objection is seasonably made, the trial court should not proceed with the case, but order the pleadings reformed so as to present only the suit for divorce. The district court having heard and decided that part of the cause demanding a divorce and finding there was no sufficient proof of marriage, the evidence is examined, and the decision and decree of no marriage is affirmed, and the judgment for damages is reversed and the cause in that behalf remanded.

(153)

APPEAL from the district court for Sioux county: JAMES J. HARRINGTON, JUDGE. *Affirmed in part and reversed in part. Action for divorce dismissed.*

*Justin E. Porter,* for appellant.

*A. M. Morrissey* and *Allen G. Fisher, contra.*

REESE, C. J.

This suit was commenced in the district court for Sioux county. Owing to the contention between counsel as to the nature of the action and the authority of the district court to render the judgment which was entered, we copy the petition in full. It is as follows:

"The plaintiff, for cause of action, alleges that she was born in the Kingdom of Denmark in the year 1864, and in 1886, she came to Sioux county, Nebraska, and met the defendant, then a man of mature years, aged 42; that thereupon the defendant, who was then engaged in the ranch business in said county, applied to the plaintiff, who was then a very comely woman, a member of an indigent family, unlettered in the English language, or in the laws or customs of this country, to enter his employ as a domestic servant at the agreed rate of $10 a month, and, in addition, there was to be furnished by the defendant sufficient and proper quantities of groceries and materials to prepare their subsistence and other necessary articles of housekeeping and living. And plaintiff alleges that the said contract has never yet been abrogated nor set aside, but, pursuant thereto, the plaintiff entered into the service of the said defendant as such domestic housekeeper, and remained at said house continuously, performing such contracted services thereat until November, 1904. And plaintiff alleges, further, that the defendant never paid her any of the stipulated wages, and has wholly failed from the date hereinafter mentioned, 1887, to furnish any of the necessary groceries or other articles necessary for the said housekeeping and

living of the parties thereto; that thereafter, at the premises aforesaid, the defendant proposed marriage to this plaintiff between the parties hereto, and the said proposal was accepted, and, in pursuance thereof, the said defendant represented to the said plaintiff, who was an inexperienced, foreign-born virgin, without experience or knowledge in relation to such matters, that the marriage might be performed by a ceremony before a minister, or by the defendant acknowledging and introducing her under his name as his wife, in either event to be accompanied by cohabitation, and accordingly this plaintiff believed, relied upon as true, and acted upon said representations of defendant, and from that date until November, 1904, the parties hereto have lived together, cohabited together, as man and wife, and each held themselves out as such, and from the date above mentioned the defendant has introduced plaintiff to their neighbors in the community where they have lived and elsewhere as his wife, and caused the fact of their marriage to be published in the newspapers of said county. And the plaintiff alleges that ever since the date of their said marriage the plaintiff has conducted herself toward the defendant as a faithful, chaste and dutiful wife, and, in addition to performing the ordinary housekeeper's duties above described, she has toiled in their fields as a farm hand in plowing, fertilizing, and harvesting their meadows and grain fields, and has herded, and pastured, and fed and watered, and harnessed and unharnessed their herds and horses in summer, and even in winter during the periods of sickness and the attacks of drunkenness hereinafter related. And plaintiff alleges that she has raised poultry and garden, and made butter and marketed the produce, and thereby provided their living and much of the household goods necessary continuously during their married life, without any help from defendant.

"And plaintiff alleges that during all their married life, the said defendant was habitually accustomed to the drinking of intoxicating liquors, and frequent intoxica-

tion. And plaintiff alleges, further, that plaintiff (defendant) always has been of poor judgment in matters of business, and been habitually a spendthrift, and that within the last year the said defendant has become very reckless and has squandered, and yet is squandering, in dissipation large sums of money, and continues still to do this; that he has converted a considerable portion of his property into houses which he lets for the purposes of prostitution, which places he frequents constantly; that he has conveyed without any honest consideration thereof a large house used as a place of prostitution, which has cost in the neighborhood of $3,000, to one Mercedes Goodwin, alias Madam Grant, a colored prostitute, and with her associates in the management of said business, together with gambling there carried on, and he has committed adultery there with the said colored woman; that, by reason of his so consorting with these lewd people, the plaintiff fears for her own health, if she shall longer cohabit with the defendant as his wife.

"Plaintiff alleges, further, that she has but small means in live stock and real estate of her own earning and saving of the possible value of $1,000, and that the defendant owns property consisting of real estate in Crawford, Nebraska, and of money deposited in the First National Bank, and of money due him from various residents of Dawes county, Nebraska, and of real estate and money loaned in Kern county, California, of the fair cash value of at least $70,000, and that defendant has threatened to convert all the said property in Dawes county into cash, and to remove it himself from said state.

"And plaintiff alleges, further, that there are no fruits of their said marriage.

"The plaintiff therefore prays judgment that the defendant, pending this suit, be enjoined and restrained from converting into money or movable property, and removing the same from Nebraska, the property therein situated; that on the final hearing the injunction be made perpetual. Plaintiff prays, further, that she be decreed

to be the lawful wife of said defendant, and that during the continuation of his misconduct above described she be excused from cohabiting with him as such, but that he be decreed to pay her as such separate maintenance a suitable sum commensurate with the income of his said property, and that she be given counsel fees in the sum of $1,000, and by decree an alimony out of said property situate in Dawes county, Nebraska, of $25,000. And plaintiff prays, further, that for the procuring of the testimony of witnesses and other necessary expenses in the maintaining of this suit, in addition to her separate maintainance mentioned above, she be allowed a suitable sum, not less than $300 in amount, and also counsel fees in the like sum, as well as her wages at their reasonable value of $25 a month during the period above mentioned, and for such other and further relief as may be just and equitable."

At the time of the filing of the petition plaintiff filed with the clerk a precipe for summons with the following directions: "Indorsed only—'Injunction asked, and divorce.' " A summons was issued and served, with the indorsement: "If defendant fail to appear and answer, the plaintiff will take judgment for divorce. Injunction asked." A demurrer was filed to the petition, but the transcript does not show any disposition of it.

The defendant answered the petition, denying the unadmitted allegations thereof, and averring that the alleged causes of action stated in the petition are inconsistent, repugnant and improperly joined; that plaintiff is not and never was the wife of defendant; that as Mary Hansen she was for some time in the employ of defendant as his housekeeper and servant, but in no other capacity, that he did, long before the commencement of the action, fully pay, satisfy and discharge, by payment, the claim of the said Mary Hansen for such services, and that there was a full and complete settlement, discharge and satisfaction of all accounts between them. Plaintiff replied by a general denial.

A trial was had to the court without the intervention of a jury, the record showing that, when the first witness was called, defendant objected to the introduction of any evidence for the reason that the petition did not state a cause of action, and that there were "two or more inconsistent and repugnant alleged causes of action, and are improperly joined." The objection was overruled, to which defendant excepted, and the following memorandum entered in the bill of exceptions: "By the court: The defendant specifically states that he does not waive a jury." The trial proceeded and resulted in a finding that the parties "were never married, and are not man and wife," and upon all other points found in favor of plaintiff, and that "the defendant is indebted to the plaintiff on the cause of action set out in the said petition in the sum of $2,000, and that plaintiff is entitled to judgment against defendant for said sum." The entry continues: "And thereupon the cause came on for hearing upon defendant's motion for new trial," which was overruled. A judgment was entered against defendant and in favor of plaintiff "for the full sum of $2,000, her debt," and costs. Execution was awarded for the collection of the same. Defendant appeals. In the brief and argument of plaintiff, she presents her "point on cross-appeal," but we find nothing in the record showing that a cross-appeal has been taken, nor that any effort has been made in that direction. The subject will not be referred to again.

It is insisted that the motion for a new trial was not filed until after the final adjournment of the district court. As we have seen, the journal entry of the findings and judgment of the court contains the recital that the "cause came on for hearing upon the defendant's motion for new trial, upon consideration whereof the court overrules said motion, to which defendant excepts." The judgment was rendered on the 3d day of December, 1908. The clerk's filing mark on the motion for new trial shows that it was filed on the same day. There is nothing in the record proper showing when the court ad-

journed.   In view of the verity of the record, we must
presume as matter of law that the motion was filed be-
fore final adjournment, whenever that may have been.
If counsel designed insisting upon an objection that the
motion was filed after the adjournment of the court for
the term, he should have suggested a diminution of the
record and filed a duly certified transcript of the record
showing the date of the final adjournment.   In the ab-
sence of such record, we have no way of knowing the true
fact.   There is a written statement by the clerk copied
on the reverse side of the motion, but no part of the
certificate of filing, dated January 13, 1909, but not
under the seal of the court, by which it is sought to con-
tradict the filing date on the motion, as well as the re-
citals of the journal entry, but as this is no part of either
the transcript, or bill of exceptions, we cannot receive
it as evidence of what it contains, and therefore it will
not be further noticed.

From a reading of the petition, including the prayer,
the precipe, and indorsement upon the summons, it must
be apparent that the purpose of the action is for a decree
of divorce, and for alimony, based and founded upon a
common law marriage.   No other conclusion can be
drawn therefrom.   It is true that there are averments by
which it would seem that the pleader sought to recover
servant's wages for the plaintiff during the time she al-
leges that she was the lawful wife of defendant.   This, of
course, could not be allowed in connection with a decree
of marriage with divorce and the $25,000 alimony
claimed.   The two causes of action could not be blended
in the same count of the petition, nor could defendant be
deprived of his right to a jury trial upon an action at law
for wages as was done in this case.   The two causes of
action, should it be held that there are two, are so en-
tirely inconsistent as to require the holding of the de-
mand for wages as mere surplusage, and not entitled to
any consideration; the action being essentially in equity
for divorce.   The record shows without question that the

defendant availed himself of every legal method of objection to the procedure known to our practice—by demurrer, answer, objection to the introduction of evidence, and motion for new trial. The question is properly saved. In *Reed v. Reed*, 65 Neb. 849, the subject was before this court, and the law was clearly stated by Mr. Commissioner Duffie that, where objection is made, suits concerning the property rights of the parties cannot be joined with actions for divorce. It would serve no good purpose to rediscuss the matter here. The judgment of the district court was reversed and the cause was remanded for further proceedings. Upon the reappearance of the cause in the district court, the plaintiff sought to again present the same issues by an amended petition. The cause was then appealed to this court, when the rule was reannounced (*Reed v. Reed*, 70 Neb. 775), and was again heard upon another branch of the case at page 779, the two latter opinions having been written by Judge Barnes, then one of the commissioners. The question has been set at rest in this court, and the citation of other than the authorities referred to in those opinions is not necessary.

The action being in its essence one for divorce, the evidence has been examined, and it is found that the finding and decision of the district court that a marriage had not been established is approved and the decree is affirmed. The action for divorce is dismissed. The decision awarding a money judgment for wages alleged to be due is reversed, and that part of the case is remanded to the district court for further proceedings in accordance with law. The costs in this court are taxed to plaintiff.

JUDGMENT ACCORDINGLY.

Fawcett, J., not sitting.