MARGARETTE ELLWANGER, APPELLEE, v. PHILLIP H. ELLWANGER, APPELLANT.

FILED JANUARY 2, 1936. No. 29359.

*Holeman & Holeman,* for appellant.

*L. T. Fleetwood* and *H. B. Muffly, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

MUNDAY, District Judge.

Plaintiff brought this action for divorce from the defendant on grounds of extreme cruelty and nonsupport and asked approval of a property settlement made by the parties. After the petition for divorce was filed, defendant brought suit against the plaintiff to vacate and reform certain deeds. On motion of the defendant in the divorce action, the actions were consolidated and tried at the same time. Trial was had in June, 1933, and the case was taken under consideration by the court. On motion, the case was reopened for additional testimony and the cause again submitted to the court, and on December 15, 1933, the submission was again set aside and further testimony taken and the cause again submitted. On December 20, 1933, the court awarded the plaintiff a divorce on the grounds of cruelty and nonsupport and approved the property settlement and quieted title to the real estate in the parties as prayed for in the amended petition. From this decree the defendant, Phillip H. Ellwanger, has appealed.

The appellant contends that the evidence does not support the decree of divorce on the grounds of extreme cruelty and for nonsupport. While much of the evidence is not undisputed, a fair conclusion therefrom seems to be: That the defendant cursed the plaintiff and cursed her to others; that the plaintiff worked out so as to keep the defendant quiet on money matters, and did much to support the family; that the defendant threatened to frame the plaintiff and to do her injury; that the plaintiff was afraid of the defendant; that he frequently would not talk to her and was angry at her for long periods of time, and that there

were times when the defendant refused to work. On reading the record, we think it shows the trial court gave the evidence careful consideration and that the evidence sustains the trial court in granting the plaintiff a divorce on the grounds mentioned.

The defendant complains because the actions were consolidated for trial. This action of the trial court was taken on motion of the defendant and he cannot now complain of the court's action. *Reed v. Reed,* 65 Neb. 849, 91 N. W. 857.

The defendant's principal complaint seems to be that the property settlement should not have been approved by the trial court, because it divided the property unjustly between the parties and because some of the real estate mentioned in the property settlement was owned by the defendant before the marriage of the parties. It is also contended that the defendant did not understand this property settlement, and that it was obtained by means that amounted to constructive fraud, but these contentions are not sustained by the record. There was some variance between the two copies of the property settlement, one of which was given to each of the parties at the time the settlement was made. It is clearly shown that this was only an error in writing out the agreement and we do not think it material.

The parties were married in 1907 and have no children. The wife worked out and earned considerable money and the defendant worked at different periods during their married life, but they seemed never to have been very congenial with each other.

The property in dispute consists of a business property in Sutton, Nebraska, and a residence property at 829 G street, Lincoln, Nebraska. The evidence is very meagre as to the value of these properties. The testimony is that in 1925 the Lincoln property was bought for $2,500. The testimony as to the value of the property in Sutton indicates that the husband had previously valued it at $5,000. The trial court approved the property settlement which gave the Sutton property to the defendant and the Lincoln

property to the plaintiff. Under the evidence in the record as to the value of these properties, we cannot say the division was not just and equitable.

There was not much personal property to divide, being mostly household goods which were disposed of by the property settlement. Considering the ability of the parties to earn money, if the court had given either party a judgment against the other for a sum of money, or a lien on the property of the other, it probably would have meant that the one against whom the judgment was given or the one against whose property the lien was so established would likely lose the real estate received under the decree. We think the trial court considered all these facts, circumstances and contentions of the parties and reached a correct conclusion both as to the divorce and the division of the property, and that its decree should be affirmed.

AFFIRMED.