HAZEL ROPKEN, APPELLANT AND CROSS-APPELLEE, V. RUDOLPH J. ROPKEN, APPELLEE AND CROSS-APPELLANT.

99 N. W. 2d 480

Filed November 27, 1959. No. 34673.

*Leamer & Graham,* for appellant.

*Mark J. Ryan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff brought suit for a divorce from the defendant and alleged cruelty as a ground therefor. The defendant denied the existence of the marital relation and prayed for a partition of the real estate owned by the parties in joint tenancy. The trial court found that the plaintiff and defendant never became husband and wife, and denied a partition of the real estate held in joint tenancy by the parties. The plaintiff has appealed and the defendant has cross-appealed.

The evidence shows that plaintiff and defendant never entered into a ceremonial marriage. On September 18, 1942, they commenced living together on a farm near Homer, Nebraska. In 1944 the parties moved to South Sioux City, Nebraska, where they have since resided except from February 9, 1955, to November 23, 1955. The defendant was employed by a packing company in Sioux City, Iowa, until the fall of 1954 when the packing company plant was closed. Defendant subsequently obtained employment as a farm hand at Kingsley, Iowa. On or about February 9, 1955, the parties moved into a residence on the farm of defendant's employer near Kingsley. They lived on this farm until November 23, 1955, when defendant gave up his farm employment and the parties returned to South Sioux City, Nebraska, where they have since resided.

From the time the parties commenced living together they have continuously held themselves out as husband and wife. They lived together openly as such. They borrowed money and signed notes as Rudolph J. Ropken and Hazel Ropken, husband and wife. They purchased real estate and took title as husband and wife in joint tenancy. They signed mortgages and acknowledged themselves to be husband and wife. It is clear that the public, as well as their own immediate families, considered them to be husband and wife. There is testimony by the parties that they talked among themselves of entering into a ceremonial marriage, but it was not

done. When the parties moved to Kingsley, Iowa, in 1955 they continued to hold themselves out as husband and wife in the same manner as they had in Nebraska. There is no evidence in this record that the parties entered into an agreement to become husband and wife in Iowa, nor is there any evidence of acts or circumstances from which such an agreement can be inferred. The plaintiff contends that the evidence is sufficient to establish a common-law marriage in Iowa where such marriages are recognized as valid.

Common-law marriages are not recognized in Nebraska by legislative enactment. § 42-104, R. R. S. 1943. Cohabitation in Nebraska without a ceremonial marriage is meretricious. It is not evidence of a marital status in this state. It is presumed that a meretricious relationship having its origin in this state continues to be such. Necessarily, the presumption follows even when the parties subsequently live in a state recognizing common-law marriages.

The validity of a marriage is determined by the law of the place where it was contracted. It follows that if the marriage of the parties was valid in Iowa, it will be recognized as valid in Nebraska. Abramson v. Abramson, 161 Neb. 782, 74 N. W. 2d 919. The question to be here determined is whether or not there was a valid common-law marriage in the State of Iowa. The presumption is that the meretricious relationship originating in Nebraska continued when the parties moved into that state. Common-law marriages are recognized in Iowa. In re Estate of Stopps, 244 Iowa 931, 57 N. W. 2d 221.

The law of Iowa as to common-law marriages is stated in In re Estate of Boyington, 157 Iowa 467, 137 N. W. 949, as follows: "It is well settled that, while cohabitation and the reputed relation of husband and wife may be shown as tending to give color to the relation of the parties and the recognition each by the other of the existence of a marriage between them, the

fundamental question is whether their minds have met in mutual consent to the status of marriage which will be sufficiently established if it appears that they have lived together, intending thereby to be husband and wife. Neither such intention nor consent can be inferred from cohabitation alone, and reputation is of no significance, save as it has a bearing on the question of intent." See, also, Reppert v. Reppert, 214 Iowa 17, 241 N. W. 487. It is necessary, therefore, under the law of Iowa to establish an intent of the parties to enter into the marriage relation in the State of Iowa. There is no evidence in this record of an agreement, either express or implied, that the parties to this suit intended any different relationship than that which they had in Nebraska. Upon their removal to Iowa they practiced the same deceptions as they had in Nebraska. There is no evidence of an agreement to become husband and wife after the parties removed to Iowa, nor any evidence of acts or circumstances indicating any intent to enter into a marital relationship in that state. In other words, there is no evidence of an intent to change their meretricious relationship into a marital one. On such evidence the law of Iowa does not recognize anything other than the continuance of the meretricious relationship. In re Estate of Boyington, *supra*. Since the law of Iowa does not recognize a common-law marriage under such circumstances it cannot be recognized in this state. The rule is well stated in Pegg v. Pegg, 138 Iowa 572, 115 N. W. 1027, wherein it was said: "We recognize so-called common-law marriages as valid; but for such a marriage to be valid there must be a present agreement to be husband and wife, followed by cohabitation as such." The judicial pronouncements of the State of Iowa are legion in support of this rule. In a case similar in principle this court announced a rule that supports the holding of this case. Abramson v. Abramson, *supra*. The finding of the trial court that a common-law marriage did not exist was clearly correct.

The defendant by cross-appeal complains of the failure of the trial court to grant a partition of the real estate after the finding that a common-law marriage did not exist. In this, also, the trial court was correct. The partition of real estate is not germane to a suit for a divorce. Although a divorce action is tried as in equity, it is a special proceeding provided by statute. While it is true that the fact that the parties have engaged in an illicit relationship does not bar either party from asserting against the other such property claims as would be otherwise enforcible, as was stated in Abramson v. Abramson, *supra,* this does not imply that such property claims may properly be asserted in a divorce proceeding. Our statutes on divorce and alimony do not contemplate the determination of legal and equitable rights wholly disconnected from the dissolution of the marriage relation, and the allowance of alimony and division of property incident thereto. In Reed v. Reed, 70 Neb. 775, 98 N. W. 76, this court announced the rule as follows: "As stated in our former opinion in this case, the rule without exception is, that property rights not growing out of the marriage relation can not be joined with an action for divorce." See, also, Hunter v. Hunter, 88 Neb. 153, 129 N. W. 422; Annotation, 93 A. L. R. 329.

The powers of the court in a divorce action are statutory. Unless the source of the power is found in the statute, a court is without authority to exercise it. In Cizek v. Cizek, 76 Neb. 797, 107 N. W. 1012, the rule is stated as follows: "Jurisdiction relative to divorce and alimony is given by statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist." See, also, Brown v. Brown, 130 Neb. 487, 265 N. W. 556. We find no authority in the divorce statutes of this state for the court to partition the real estate owned in joint tenancy by the parties to a divorce proceeding where a divorce is not granted.

We conclude that the trial court was correct in finding that the parties were not husband and wife, and in refusing to partition the real estate owned in joint tenancy by the parties to the divorce action.

AFFIRMED.